# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Douglas R.S. v. Jennifer A.S.*, 2012 IL App (5th) 110321

---

| | |
|---|---|
| Appellate Court Caption | DOUGLAS R.S., Petitioner-Appellant, v. JENNIFER A.S., Respondent-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-11-0321 |
| Filed | April 12, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Certified question as to whether, for purposes of determining parental unfitness under section 1(D)(n) of the Adoption Act, any act that a father claims deprived him of the ability to visit or communicate with his child must arise after the 12-month period is alleged to have begun was answered by appellate court by the statement that any evidence he wishes to present during the unfitness portion of the hearing explaining his reasons for not communicating with his child for a 12-month period must have occurred during that 12-month time frame, but evidence occurring outside that time period is allowable at the second-stage best-interests hearing. |
| Decision Under Review | Appeal from the Circuit Court of Wayne County, Nos. 01-D-83, 09-AD-2; the Hon. Thomas J. Foster, Judge, presiding. |
| Judgment | Affirmed; cause remanded. |

Counsel on Appeal    Gary E. Milone, of Coble & Milone, of Flora, for appellant.

Morris Lane Harvey, of Law Office of Morris Lane Harvey, of Mt. Vernon, for appellee.

Panel    PRESIDING JUSTICE DONOVAN delivered the judgment of the court, with opinion.

Justices Chapman and Spomer concurred in the judgment and opinion.

**OPINION**

¶ 1    Douglas R.S. (Father) filed an application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) in connection with the adoption proceedings initiated by Jennifer A.S. (Mother) attempting to terminate his parental rights to the parties' minor child. The circuit court of Wayne County granted the application and certified the parties' question without objection. We affirm.

¶ 2    The marriage of Father and Mother was dissolved in September of 2002. At the time of the dissolution, the parties had a joint-parenting agreement regarding custody of their minor child. In March of 2005, Mother filed a petition to modify that agreement seeking an increase in child support and to reduce Father's time with the child. Father, on the other hand, filed a petition for enforcement of visitation and for rule to show cause alleging that his former wife had withheld visitation of the minor child from him. Both petitions were never resolved and remain pending.

¶ 3    In January 2009, Mother and her new husband filed a petition in Hamilton County seeking to adopt the minor child. Before a minor may be adopted, it is necessary either for the minor's natural parent or guardian to consent to the adoption or for a court to find that the natural parent is unfit. In the petition, Mother alleged that Father had not communicated with the minor child since December 15, 2005, and pursuant to section 1(D)(n) of the Adoption Act (750 ILCS 50/1(D)(n) (West 2004)) had evidenced his intent to forego his parental rights. The case was transferred to Wayne County and consolidated with the original dissolution-of-marriage case. Mother filed an amended petition for adoption on March 8, 2010, again alleging the same single ground for adoption. Father subsequently filed an amended affirmative defense raising several matters relating to conduct and incidents that Father claimed explained his lack of communication with the minor child. All of the alleged incidents occurred before December 15, 2005. In fact, the last incident listed in Father's defense as creating an impediment to his communication with the minor child allegedly took place on May 18, 2005. No allegation was made as to why Father's communications continued to take place up to December 15, 2005, however. Mother responded by filing a motion to strike the amended affirmative defense, arguing that any events occurring prior to December 15, 2005, were not relevant and did not constitute a defense. The trial court chose

not to strike Father's defense but ruled that matters which may have occurred prior to the last date of communication alleged, December 15, 2005, would not be admissible at the fitness prong of the adoption proceeding. Mother filed a motion for clarification or in the alternative to certify a question pursuant to Supreme Court Rule 308. In a further ruling, the trial court did clarify that Father's evidence could be considered at the second prong of the hearing on the issue of best interests of the child. A motion was then filed by Father to certify for appeal the same question as had been posed by Mother. The court entered the order without objection, granting the motion and certifying the question both parties raised. The question certified, as posed by the parties, is: "In relation to determining parental unfitness pursuant to 750 ILCS 50/1(D)(n) must any act which [Father] claims to have deprived him of the ability to visit or communicate arise after the twelve month [period] is alleged to have begun." The trial court answered the certified question in the affirmative by determining that acts which may constitute a defense for the fitness portion of the hearing must have taken place during the 12-month period in which no communication took place, commencing with the last date of communication. We conclude that the trial court's ruling is correct.

¶ 4    Given that this appeal involves only a legal question and interpretation of a statute, the standard of review is *de novo*. *In re C.N.*, 196 Ill. 2d 181, 208, 752 N.E.2d 1030, 1046 (2001). We therefore turn our attention to the language of the Adoption Act, in particular to section 1(D)(n) (750 ILCS 50/1(D)(n) (West 2004)).

¶ 5    Termination of parental rights is a two-stage process. *In re Adoption of Syck*, 138 Ill. 2d 255, 276, 562 N.E.2d 174, 183-84 (1990). At the first stage "fitness hearing," the petitioning parent must prove that the respondent parent is "unfit" by clear and convincing evidence. The focus is solely upon the conduct of the parent at this point. If the petitioning parent proves unfitness by clear and convincing evidence, then the case proceeds to a second stage "best-interests hearing" at which the petitioning parent must prove by a preponderance of the evidence that it is in the best interests of the minor child that the parental rights of the respondent parent be terminated. *In re Adoption of Syck*, 138 Ill. 2d at 276-77, 562 N.E.2d at 183-84; see also *In re D.T.*, 212 Ill. 2d 347, 365-66, 818 N.E.2d 1214, 1227-28 (2004). At the best-interests hearing, the focus shifts from the respondent parent to the child, and the issue becomes whether, in light of the child's needs and best interests, the respondent's parental rights should be terminated. *In re D.T.*, 212 Ill. 2d at 364, 818 N.E.2d at 1227. Because the focus of the two hearings is different, and each has differing purposes, evidence that is admissible at one hearing may not be admissible at the other. See *In re D.L.*, 191 Ill. 2d 1, 10-13, 727 N.E.2d 990, 994-96 (2000) (only evidence of parent's conduct in 12 months following adjudication of neglect could be introduced at fitness hearing, but at best-interests hearing, parent could then introduce evidence of parent's conduct occurring outside applicable 12-month period).

¶ 6    Section 1(D)(n) of the Adoption Act provides that a parent evidences his intent to forego parental rights by failing to visit or communicate with a child for a period of 12 months. The language of the statute specifically states that a parent evidences an intent to forego his or her parental rights, whether or not the child is a ward of the court:

"(1) as manifested by his or her failure for a period of 12 months: (i) to visit the child, (ii) to communicate with the child or agency, although able to do so and not prevented

-3-

from doing so by an agency or by court order, or (iii) to maintain contact with or plan for the future of the child, although physically able to do so." 750 ILCS 50/1(D)(n) (West 2004).

¶ 7        Section 1(D)(n) further provides:

"In the absence of evidence to the contrary, the ability to visit, communicate, maintain contact, pay expenses and plan for the future shall be presumed. The subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of the foregoing parental acts manifesting that intent, shall not preclude a determination that the parent has intended to forgo his or her parental rights." 750 ILCS 50/1(D)(n) (West 2004).

The language clearly establishes a 12-month period for a parent failing to communicate with or keep in contact with the child. The 12-month line of demarcation begins with the date of the last visit or communication between the parent and the child. It is the same type of line of demarcation as found in subsection 1(D)(m) (750 ILCS 50/1(D)(m) (West 2004)), with the former 12-month period (amended in 1997 to 9 months) beginning on the date of adjudication of neglect. Both subsections set forth a time frame within which a parent must perform one or more activities to avoid a finding of unfitness. Our Illinois Supreme Court declared in *In re D.L.*, a case arising under the Juvenile Court Act of 1987 interpreting the earlier subsection 1(D)(m), that only evidence of a parent's conduct during the 12 months following adjudication of neglect can be introduced at the fitness hearing, but at the best-interests hearing, the parent could then introduce evidence of any conduct occurring outside the applicable 12-month period. *In re D.L.*, 191 Ill. 2d at 10-13, 727 N.E.2d at 994-96. Given that the Juvenile Court Act of 1987 (705 ILCS 405/1-1 to 7-1 (West 2004)) and the Adoption Act are to be construed in concert with and consistent with each other (see 750 ILCS 50/2.1 (West 2004)), we agree that both subsections should be interpreted consistently. We therefore see no reason to treat the admission of evidence with respect to subsection 1(D)(n) any differently. Again, as the Illinois Supreme Court noted in *In re D.L.*, the varying presence and absence of time periods in the provisions contained under section 1(D) demonstrate that the legislature believed that, for purposes of establishing certain allegations of unfitness, a parent's conduct in a specified period of time is relevant. *In re D.L.*, 191 Ill. 2d at 10-11, 727 N.E.2d at 994-95. The legislature emphasized that intent by enacting section 20a, specifically directing that the language should not be construed so as to result in extending the time limits beyond those set forth in the Adoption Act. 750 ILCS 50/20a (West 2004). Accordingly, we agree with the trial court's determination that any evidence Father wished to present during the unfitness portion of the hearing explaining his reasons for not communicating with his child for a 12-month period had to have occurred during that 12-month time frame. Any evidence occurring outside of that time period is, however, allowable at the second-stage best-interests hearing.

¶ 8        For the foregoing reasons, we affirm the ruling of the circuit court of Wayne County rendered in answering the certified question posed by the parties and remand this cause for further proceedings.

¶ 9        Affirmed; cause remanded.