# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Baum*, 2012 IL App (4th) 120285

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MASON S. BAUM, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-12-0285 |
| Filed | November 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Charges of criminal sexual assault were properly dismissed on the ground that defendant was under 17 years of age at the time of the alleged offenses and none of the exceptions in the Juvenile Court Act allowing the criminal prosecution of a person under 17 applied. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 11-CF-1708; the Hon. Thomas E. Griffith, Jr., Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Jack Ahola, State's Attorney, of Decatur (Patrick Delfino, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Gary F. Geisler, of Geisler Law Offices, of Decatur, for appellee.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.
Presiding Justice Turner and Justice Pope concurred in the judgment and opinion.

**OPINION**

¶ 1    In February 2012, the trial court granted defendant Mason S. Baum's motion to dismiss the State's criminal charges against him, finding that, because defendant was younger than 17 years old when the alleged crimes occurred, the State was required to initiate charges against him in a juvenile delinquency petition. The State appeals, arguing it should not have been precluded from charging defendant in criminal, as opposed to delinquency, proceedings. We disagree and affirm.

¶ 2                    I. BACKGROUND

¶ 3    In May 2011, M.M., then 13 years old, came forward with allegations of three separate incidents occurring between January 2004 and August 2009 when, she said, defendant molested her. The first alleged incident occurred when M.M. was 6 and defendant was 12 years old; the last occurred when M.M. was 10 and defendant was 16. In December 2011, the State charged defendant by information with three counts of criminal sexual assault. 720 ILCS 5/12-13(a)(2) (West 2008). Defendant, who was born August 20, 1992, was 19 years old when the State filed its charges.

¶ 4    In February 2012, defendant moved to dismiss the charges, asserting, as the trial court paraphrased, "that the cause should be in juvenile court instead of adult court" since defendant was not yet 17 years old when the alleged crimes were supposed to have been committed. At a hearing later that month, the parties stipulated to the controlling facts concerning defendant's age when the alleged crimes occurred. The court concluded that the charges should have been brought in juvenile court. Defendant conceded that the State could refile the charges by delinquency petition in juvenile court. The court offered "to enter an Order transferring this to juvenile court" for the State; the State declined. The court's docket entry stated, in relevant part, "The Defendant's Motion to Dismiss shall be granted on the basis the Court does not have jurisdiction over the Defendant as to this series of charges

based on the Defendant's age at the time of the alleged offense."

¶ 5    In March 2012, the trial court denied the State's motion to reconsider. The court stated at the hearing on the State's motion, "[O]bviously, this case can be filed *** in juvenile court. A motion *** can be filed to transfer the case from juvenile court to adult court, and it's obviously within the discretion of [the juvenile court judge] *** whether or not to transfer it to adult court. And then if it is transferred to adult court, obviously, criminal charges can be sustained, of course, if they can be proven at that time."

¶ 6    The day that the trial court denied the State's motion to reconsider, the State filed its notice of appeal and certificate of impairment, effecting this appeal.

¶ 7                                    II. ANALYSIS

¶ 8    On appeal, the State argues the trial court erred in dismissing the charges against defendant. Specifically, the State contends that it should not have been precluded from charging defendant by information rather than delinquency petition. We disagree that the court erred.

¶ 9    Whether the criminal charges against defendant were properly filed in the form of an information in the trial court is a legal question involving statutory interpretation. Accordingly, *de novo* review is appropriate. See *Douglas R.S. v. Jennifer A.S.*, 2012 IL App (5th) 110321, ¶ 4, 968 N.E.2d 201.

¶ 10   Section 5-120 of the Juvenile Court Act of 1987 (705 ILCS 405/5-120 (West 2008)), entitled "Exclusive jurisdiction," defines the persons and crimes covered by delinquency proceedings, as opposed to criminal prosecutions. It provides that the State may institute juvenile delinquency proceedings "concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law or municipal or county ordinance." 705 ILCS 405/5-120 (West 2008). Subject to enumerated exceptions, "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2008).

¶ 11   In this case, defendant was no older than 16 when he allegedly committed criminal sexual assault, and none of the exceptions allowing the State to prosecute him under the criminal laws apply. Accordingly, the State was unauthorized to charge defendant as it did, and the trial court did not err in granting defendant's motion to dismiss the charges, since the State was unwilling to accept a transfer of the charges to juvenile court.

¶ 12   Peering into the future of the proceedings against defendant concerning these alleged crimes, the State predicts that the trial court's judgment will have the effect of "shield[ing defendant] from prosecution." On that basis, the State asks us to overlook the clear application of the relevant statute to the facts here. We will not do so. Moreover, to the extent the State's argument invites us to speculate or advise the parties as to future litigation and the possible application of other laws not yet at issue in this case, we decline. See *In re Luis R.*, 239 Ill. 2d 295, 306, 941 N.E.2d 136, 143 (2010) ("It is well settled that Illinois courts cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." (Internal quotation marks omitted.)).

-3-

¶ 13    Finally, the State argues the trial court erred in ruling that it lacked jurisdiction in this case. We agree with the State that the court had both subject-matter and personal jurisdiction here because (1) the criminal charges alleged the existence of a justiciable matter under section 12-13(a)(2) of the Criminal Code of 1961 (720 ILCS 5/12-13(a)(2) (West 2008)) over which the circuit courts have authority to preside and (2) by appearing in these proceedings, defendant waived any objection based on the court's lack of personal jurisdiction. See *Luis R.*, 239 Ill. 2d at 302-03, 305, 941 N.E.2d at 141, 142 (holding the trial court had subject-matter and personal jurisdiction). However, the court never ruled that it lacked subject-matter or personal jurisdiction; instead, the court's judgment was clearly based on the application of section 5-120 of the Juvenile Court Act. The language in the docket entry corresponding to the February 2011 hearing on defendant's motion to dismiss ("The Defendant's Motion to Dismiss shall be granted on the basis the Court does not have jurisdiction over the Defendant as to this series of charges based on the Defendant's age at the time of the alleged offense.") inexactly uses "jurisdiction" but gets its point across, in light of the proceedings on the motion to dismiss, the parties' arguments, and the court's oral pronouncements at the hearing. *Cf. Luis R.*, 239 Ill. 2d at 312, 941 N.E.2d at 146 (Burke, J., dissenting, joined by Freeman, J.) ("[I]sn't it more likely that when the circuit court ruled that it did not have 'jurisdiction' it meant, like the respondent, that the petition was 'legally defective in that respondent falls outside the class of persons against whom such petitions may lawfully be filed'?").

¶ 14                                III. CONCLUSION

¶ 15    For the foregoing reasons, we affirm the trial court's judgment.

¶ 16    Affirmed.