NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200456-U

NO. 4-20-0456

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 11, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JERMAINE L. DAVIS, | ) | No. 11CF1525 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The trial court's dismissal of defendant's amended petition to vacate the judgment is affirmed.

¶ 2    On June 22, 2020, defendant Jermaine L. Davis filed an amended petition to vacate the trial court's judgment pursuant to section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West Supp. 2019)).  On September 3, 2020, on the State's motion, the trial court dismissed defendant's petition, finding the petition was untimely, barred by waiver and *res judicata*, failed to make an appropriate claim, and failed to state a meritorious claim.  Defendant appeals.  We affirm.

¶ 3                                  I. BACKGROUND

¶ 4    This court's order affirming defendant's first degree murder conviction in his direct appeal (*People v. Davis*, 2013 IL App (4th) 120486-U) summarizes what occurred in this

case leading to the victim's death. For the sake of this appeal, we note defendant hit the victim multiple times on September 16, 2011, both before and after the victim lost consciousness. This happened in front of a woman who was seeing both defendant and the victim. Defendant told another witness he had been in a confrontation with the victim and knocked the victim out. Defendant demanded the woman help defendant carry the victim's body out of the apartment building. The victim was later found outside the building, breathing but unresponsive. The victim later died at the hospital. Dr. John Scott Denton, the forensic pathologist who performed the victim's autopsy, estimated the victim had been hit approximately 24 times causing 42 separate injuries. According to Dr. Denton, the victim died on September 18, 2011, at 12:54 p.m. from multiple blunt force trauma resulting from injuries to his head and neck.

¶ 5 On August 1, 2019, defendant filed a petition to vacate the trial court's judgment pursuant to section 2-1401(f) of the Procedure Code (735 ILCS 5/2-1401(f) (West Supp. 2019)). The petition stated defendant was arrested without a warrant on September 17, 2011, for aggravated battery (720 ILCS 5/12-4 (West 2010)). At a hearing on September 18, 2011, the trial court determined the State had probable cause to arrest defendant. The court set defendant's bail at $500,000 and scheduled defendant's arraignment hearing for September 19, 2011, at 1:30 p.m. On September 18, 2011, at 12:54 p.m., the victim died. At the arraignment hearing on September 19, defendant discovered the State had dropped the aggravated battery charge and was now charging him with two counts of first degree murder for causing the victim's death.

¶ 6 Defendant argued the judgment in this case is void and should be vacated because the State did not have evidence establishing probable cause defendant killed the victim and did not have a preliminary hearing before filing the murder charges against defendant on September 19, 2011. Defendant points to the fact the victim's autopsy had not occurred when the State

charged defendant with murder.  He contended the trial court did not have subject matter jurisdiction.  Defendant also argued he was illegally detained on a void $500,000 bond based on the aggravated battery complaint.

¶ 7 On August 13, 2019, the trial court entered an order dismissing defendant's petition as frivolous and patently without merit.  Defendant appealed. On May 19, 2020, this court vacated the trial court's order dismissing defendant's petition to vacate the judgment pursuant to section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West Supp. 2019)) because the trial court *sua sponte* dismissed the petition less than two weeks after it was filed without giving the State an opportunity to respond.  *People v. Davis*, 2020 IL App (4th) 190609-U, ¶ 8.

¶ 8 On remand, on June 22, 2020, defendant filed an amended petition to vacate the judgment under section 2-1401(f) of the Procedure Code (735 ILCS 5/2-1401(f) (West Supp. 2019)), stating in part the trial court did not have a justiciable matter before it and lacked subject matter jurisdiction at 1:30 p.m. on September 19, 2011, when the State charged him with first degree murder after dismissing the previously filed aggravated battery charge.  Defendant argued the dismissal nullified the aggravated battery charge, nullified the evidence given to the police, and removed jurisdiction from the trial court.  As a result, defendant alleged he was illegally held on the "null and void $500,000 bond."  Defendant next argued the State, in an "act of deceit" at this same September 19, 2011, hearing, made its own justiciable matter by charging defendant with first degree murder without any definite or concrete evidence.

¶ 9 Defendant noted the victim had been treated at Carle Hospital before he died and the State needed to wait for an autopsy before it could charge him with murder.  Because the autopsy was not completed before the hearing at 1:30 p.m. on September 19, 2011, the State did

not have "definite and concrete evidence" to charge defendant with first degree murder (720 ILCS 5/9-1 (West 2010)). Therefore, according to defendant's amended petition, a justiciable matter did not exist, the trial court did not have subject matter jurisdiction, and his conviction is void and should be vacated.

¶ 10 On July 31, 2020, the State filed a motion to dismiss defendant's successive section 2-1401 petition. On September 3, 2020, the trial court dismissed defendant's petition, finding the petition was untimely, barred by waiver and *res judicata*, failed to make an appropriate claim, and failed to state a meritorious claim.

¶ 11 This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13 On appeal, defendant argues the trial court did not acquire jurisdiction over his criminal case when the State charged him with first degree murder on September 19, 2011, at 1:30 p.m. and, therefore, his conviction is void. We disagree.

¶ 14 "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *McCormick v. Robertson*, 2015 IL 118230, ¶ 19, 28 N.E.3d 795. Section 9 of article VI of our state constitution extends the jurisdiction of Illinois circuit courts to all " 'justiciable matters except when the Supreme Court has original and exclusive jurisdiction ***.' " *McCormick*, 2015 IL 118230, ¶ 20 (quoting Ill. Const. 1970, art. VI, § 9). "[A] matter is considered justiciable when it presents 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' " *McCormick*, 2015 IL 118230, ¶ 21 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335, 770

N.E.2d 177, 184 (2002)).

¶ 15 According to defendant, because the victim in this case received medical care before he died, the victim's cause of death was uncertain. Therefore, the state's attorney could not charge defendant with the victim's murder until an autopsy had been performed to determine the cause of death. Defendant cites no authority supporting this contention. This court is not a depository where an appellant can dump his burden to find authority supporting his argument. *Elder v. Bryant*, 324 Ill. App. 3d 526, 533, 755 N.E.2d 515, 522 (2001). As a result, pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), defendant forfeited any argument his conviction is void because an autopsy had not been completed before he was charged with the victim's murder.

¶ 16 Regardless of forfeiture, defendant's arguments are meritless. Defendant's conviction is not void because the trial court had jurisdiction. The State did not have to wait for the autopsy to charge defendant with the victim's murder. The State had evidence defendant severely beat the victim and left him in an unconscious state outside of an apartment building. The victim then died in the hospital two days after the beating.

¶ 17 A circuit court has subject matter jurisdiction over criminal charges alleging the existence of a justiciable matter under the Criminal Code (720 ILCS 5/1-1 *et seq.* (West 2010)). *People v. Baum*, 2012 IL App (4th) 120285, ¶ 13, 979 N.E.2d 120. First degree murder charges fall within the class of cases over which circuit courts have subject matter jurisdiction. *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16, 2 N.E.3d 368. The trial court acquired personal jurisdiction over defendant when he appeared before the court and was arraigned on the first degree murder charges. See *People v. Speed*, 318 Ill. App. 3d 910, 915, 743 N.E.2d 1084, 1088 (2001) ("A criminal defendant confers personal jurisdiction on the trial court when he appears

personally before it.")

¶ 18      Because the trial court had subject matter jurisdiction over the proceeding and personal jurisdiction over defendant, defendant's conviction is not void and his argument on appeal fails.

¶ 19                                    III. CONCLUSION

¶ 20      For the reasons stated, we affirm the trial court's dismissal of defendant's section 2-1401 petition.

¶ 21      Affirmed.