NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241449-U

NO. 4-24-1449

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 2, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| EDDIE T. WILLIAMS, | ) | No. 11CF553 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirmed the trial court's dismissal of defendant's *pro se* petition for relief from judgment, as the appeal presents no potentially meritorious issue for review.

¶ 2    Defendant Eddie T. Williams appeals the trial court's dismissal of his *pro se* petition for relief from judgment. This court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. OSAD moved to withdraw as counsel, claiming defendant's appeal presents no potentially meritorious issues for review. We grant the motion and affirm the court's judgment.

¶ 3                                  I. BACKGROUND

¶ 4                          A. Charge and Guilty Plea

¶ 5    In 2011, the State charged defendant with obstructing justice (720 ILCS 5/31-4(a)

(West 2010)), alleging that on May 8, 2011, defendant, with intent to prevent his apprehension or to obstruct his prosecution for an arrest warrant, knowingly provided false information regarding his identity to a peace officer.

¶ 6        In October 2011, defendant pleaded guilty. As a factual basis, the State asserted the evidence at trial would establish officers of the Peoria Police Department were responding to a scene where a fight was in progress. When the officers arrived, they observed several individuals standing near the scene. The officers approached those individuals, intending to identify them and determine what had occurred. As they did so, one individual, later identified as defendant, began walking away. The officers attempted to stop defendant, but he fled. Following a pursuit, the officers detained him. When they asked for defendant's name, he responded with a name other than his own. According to the State, "[E]ventually officers were able to identify that it was in fact the defendant." Defendant admitted to the officers he gave them a false name because there was an active warrant for his arrest.

¶ 7        The trial court asked defendant's counsel whether he stipulated to the factual basis, and counsel responded he did. The court then found there was a factual basis for the offense and asked whether defendant still wished to plead guilty. Defendant stated he did, and the court accepted his plea. The court sentenced him to 42 months' imprisonment.

¶ 8        The record shows defendant also pleaded guilty that day to aggravated unlawful use of a weapon (AUUW) in Peoria County case No. 11-CF-371, which was the offense for which defendant's arrest warrant was issued and the reason defendant fled in the instant case. We note that although AUUW is now known as "aggravated unlawful possession of a weapon" (see 720 ILCS 5/24-1.6(a) (West Supp. 2025)), we refer to the offense by its name at the time defendant was convicted of it.

¶ 9                                    B. First Petition for Relief From Judgment

¶ 10          In 2022, defendant filed an initial *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)), arguing that his conviction for obstruction of justice was void because although his conviction was based upon his giving false information to the police to prevent his arrest for AUUW, our supreme court had later declared the AUUW statute unconstitutional (see *People v. Aguilar*, 2013 IL 112116, ¶ 22). He emphasized his resultant conviction for AUUW had been vacated in March 2022. Accordingly, he argued that (1) the State had no authority to obtain a warrant for AUUW in the first instance and (2) his prosecution for AUUW could not have occurred.

¶ 11          The State filed a motion to dismiss defendant's petition, arguing that it was untimely, as it was filed beyond the two-year limitations period of section 2-1401. See 735 ILCS 5/2-1401(c) (West 2022) (providing a petition for relief from judgment "must be filed not later than 2 years after the entry of the order or judgment"). The State also argued defendant's petition was meritless because defendant nevertheless engaged in a criminal act by providing a false name to an officer to avoid arrest.

¶ 12          Defendant filed a response to the State's motion to dismiss, arguing that his petition was timely because the two-year limitations period of section 2-1401 did not apply to void judgments, such as his conviction for obstruction of justice.

¶ 13          In March 2023, the trial court denied defendant's petition for relief from judgment. Defendant appealed the court's decision, but the appeal was dismissed on his motion in April 2024.

¶ 14                                    C. Second Petition for Relief From Judgment

¶ 15          On May 24, 2024, defendant, *pro se*, filed a second petition for relief from judgment, which is at issue in this appeal. Citing *People v. Kayer*, 2013 IL App (4th) 120028,

defendant argued that his conviction for obstruction of justice was void because the trial court lacked jurisdiction to convict him due to the State's failure to establish that his "actions *** constitute[d] a criminal offense." Specifically, he claimed that at the time of his guilty plea, the State did not "present any evidence in the factual basis" that his acts constituted a "material impediment" to his prosecution, which our supreme court had later held in *People v. Casler*, 2020 IL 125117, ¶ 31, was an essential element of obstruction of justice.

¶ 16        On June 21, 2024, the State filed a motion to dismiss defendant's petition, again arguing that it was untimely under section 2-1401 because it was filed more than two years from the date of judgment. Further, defendant's allegations, which amounted to claims there was an insufficient factual basis to convict him, were "inapplicable to section 2-1401."

¶ 17        On July 15, 2024, defendant filed a response to the State's motion to dismiss, contending that his petition was timely under section 2-1401(f) of the Code. See 735 ILCS 5/2-1401(f) (West 2024). Defendant contended an "attack on a void judgment is not subject to the time constraints or due diligence requirements of a 2-1401 petition." From this premise, defendant again claimed the trial court "lack[ed] jurisdiction to convict [him] based upon actions that do not constitute a criminal offense." As a result, defendant reiterated that his conviction for obstruction of justice was void and the time limitations of section 2-1401 were inapplicable.

¶ 18        On October 15, 2024, the trial court dismissed defendant's petition for relief for judgment as untimely.

¶ 19        This appeal followed.

¶ 20                                    II. ANALYSIS

¶ 21        On appeal, OSAD was appointed to represent defendant; it subsequently filed a motion for leave to withdraw as defendant's counsel, citing *People v. Kuehner*, 2015 IL

- 4 -

117695, ¶ 15, and *People v. Meeks*, 2016 IL App (2d) 140509, ¶ 8. In her supporting memorandum of law, appellate counsel addressed whether meritorious arguments might be raised either that the trial court erroneously denied defendant's petition for relief for judgment as untimely or that the court failed to comply with the applicable procedure. Ultimately, counsel concluded an appeal in this case would be without arguable merit. Counsel mailed a copy of her motion to withdraw to defendant and informed him by phone and by letter that the case was without merit.

¶ 22 Defendant filed a response, arguing that his appeal raised a meritorious issue, namely, that the State presented a "factual basis [that was] insufficient to convict" him of obstruction of justice because the State failed to establish defendant's acts constituted a material impediment. Defendant also filed a supplement to his response, raising the alternative argument that, even if his conviction was not void, his petition was timely under equitable tolling principles where he exercised due diligence by filing his petition "once he was aware of the *Casler* decision and its effect on his conviction."

¶ 23 A. Timeliness of Defendant's Petition

¶ 24 OSAD contends no meritorious argument can be made the trial court erred in dismissing defendant's section 2-1401 petition as untimely because the petition was filed more than two years after the judgment was entered against defendant and no exception to the time requirement applied.

¶ 25 Section 2-1401 provides a procedure for a defendant to seek relief from a judgment more than 30 days after its entry. 735 ILCS 5/2-1401 (West 2024); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). A petition under section 2-1401 allows for the correction of errors of fact in the prosecution of a case that were unknown to the petitioner and the court at the time the judgment was rendered and which, had those facts been known, would have prevented the entry of the

judgment. *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003). To obtain relief pursuant to section 2-1401, a defendant must set forth specific factual allegations supporting (1) the existence of a meritorious defense or claim, (2) due diligence in presenting that claim or defense in the trial court, and (3) due diligence in filing a petition for relief. *Id.* at 565.

¶ 26 A section 2-1401 petition generally must be filed within two years of the entry of judgment. 735 ILCS 5/2-1401(c) (West 2024). Typically, a petition filed beyond that time cannot be considered. *People v. Caballero*, 179 Ill. 2d 205, 210 (1997). Nevertheless, an untimely section 2-1401 petition "may be considered if the record conclusively shows that the person seeking relief is under legal disability or duress, the grounds for relief are fraudulently concealed, or the order is void." *People v. Walker*, 2018 IL App (3d) 150527, ¶ 32; see also 735 ILCS 5/2-1401(f) (West 2024) ("Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief.").

¶ 27 A judgment is considered void when the court that entered the judgment lacked personal or subject-matter jurisdiction or where the judgment was based upon a statute that was facially unconstitutional, and thus, void *ab initio*. *People v. Price*, 2016 IL 118613, ¶ 31. "[T]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). We review the dismissal of a section 2-1401 petition *de novo*. *Vincent*, 226 Ill. 2d at 18.

¶ 28 In his petition, defendant sought to circumvent section 2-1401's two-year limitations period by raising a voidness challenge. Specifically, he argued the State failed to establish a factual basis for the essential element of a material impediment to convict him of obstruction of justice. He asserted, therefore, pursuant to *Kayer*, the trial court lacked jurisdiction

to convict him because his "actions [did] not constitute a criminal offense." Thus, he argued, his conviction was void. OSAD contends *Kayer* is distinguishable and that defendant cannot show the court lacked (1) personal jurisdiction over him, as he appeared and joined in the issues with a plea, or (2) subject-matter jurisdiction over the matter, as the court acquired it when the State filed an information against defendant. Accordingly, OSAD concludes the judgment against defendant was not void and defendant cannot avail himself of the voidness exception to section 2-1401's two-year filing requirement.

¶ 29        Jurisdiction is a prerequisite to a valid prosecution and conviction. *People v. Hughes*, 2012 IL 112817, ¶ 20. Subject-matter jurisdiction refers to " 'the power of a court to hear and determine cases of the general class to which the proceeding in question belongs.' " *Id.* (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)). The Illinois Constitution provides:

> "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, § 9.

A justiciable matter is a definite and concrete controversy that touches upon the legal relations of parties with adverse legal interests. *Hughes*, 2012 IL 112817, ¶ 20.

¶ 30        In contrast to subject-matter jurisdiction, courts derive personal jurisdiction from the actions of the individual sought to be bound. *In re Luis R.*, 239 Ill. 2d 295, 305 (2010). A defendant "has personal jurisdiction imposed upon him by the effective service of summons, or consents to personal jurisdiction by his appearance." *Id.*

¶ 31 Initially, we note that defendant's reliance on *Kayer* is misplaced. In *Kayer*, the defendant was charged with unlawful failure to register an employment change as a sex offender after he was terminated from his employment. *Kayer*, 2013 IL App (4th) 120028, ¶ 1. Although the text of section 6 of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/6 (West 2010)) required a sex offender to register a change to his or her "place of employment," the charging instrument alleged only that the defendant " 'knowingly failed to report *** the change in the defendant's employment.' " *Kayer*, 2013 IL App (4th) 120028, ¶ 3. At the defendant's guilty plea hearing, the State's factual basis similarly provided only that the defendant " 'knowingly failed to report *** the change in his employment status.' " *Id.* ¶ 4. Following his conviction, the defendant appealed, arguing his conviction was void because section 6 of the Registration Act did not require him to report a mere loss of employment. *Id.* ¶ 7.

¶ 32 This court agreed, concluding that because the plain meaning of "change" is " 'to replace with another,' " section 6 applied only "when someone subject to the act *changes* his place of employment from place A to place B," not merely when one's employment *status* changes. (Emphasis in original.) *Id.* ¶ 13 (quoting Merriam-Webster's Collegiate Dictionary 190 (10th ed. 2000)). We reasoned, as the State's information and factual basis alleged only that defendant changed his employment status and not his place of employment, his "guilty plea and conviction were based upon actions not constituting a criminal offense." *Id.* ¶ 18. As a result, we noted that because "a trial court is without jurisdiction to enter a conviction against a defendant based upon actions that do not constitute a criminal offense" the defendant's conviction was void. *Id.* ¶¶ 9, 18.

¶ 33 Defendant's petition seized on *Kayer*'s language that a trial court is without jurisdiction to enter a conviction based upon acts that are not criminal. From there, he concluded his conviction was void because the court lacked jurisdiction to convict him of obstruction of

justice where the State did not allege his acts constituted a material impediment. *Kayer*, however, is distinguishable for several reasons.

¶ 34 First, we have recognized our voidness conclusion in *Kayer* was premised upon that case involving "both a faulty charging instrument *plus* an inadequate factual basis." (Emphasis in original.) *People v. Melvin*, 2023 IL App (4th) 220405, ¶ 21. Here, however, defendant does not challenge the charging information. He alleges only that the State failed to present an adequate factual basis at his guilty plea hearing.

¶ 35 Second, even if defendant's challenge to the State's factual basis alone could present a potential voidness issue, the factual basis in the instant case does not suffer from the same deficiency as that of the one in *Kayer*. Unlike *Kayer*, where, based upon the language of the Registration Act, it was impossible under the factual basis advanced for the defendant to have committed a violation of the applicable provision, here, it was possible under the factual basis alleged for defendant to have committed obstruction of justice because it sufficiently indicated he materially impeded his prosecution. Illinois Supreme Court Rule 402(c) (eff. July 1, 1997) provides the trial court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." A factual basis serves the limited purpose of ensuring defendants do not plead guilty to crimes they did not commit. *Melvin*, 2023 IL App (4th) 220405, ¶ 17. A factual basis is not a substitute for a trial and proof beyond a reasonable doubt. *Id.* Indeed, "the quantum of proof necessary to establish a factual basis for the plea is less than that necessary to sustain a conviction after a full trial." *People v. Barker*, 83 Ill. 2d 319, 327 (1980). Rule 402(c) is satisfied "if there is a basis anywhere in the record from which the court could reasonably reach the conclusion that the defendant actually committed the acts with the intent required to constitute the offense to which the defendant is pleading guilty." (Emphases and

internal quotation marks omitted.) *Melvin*, 2023 IL App (4th) 220405 ¶ 31. When a court accepts a factual basis for a guilty plea, it concludes the alleged facts suggest the defendant in fact committed the necessary acts that constitute the charged offense. *Id.* ¶ 17. In turn, when a defendant stipulates to the State's factual basis and pleads guilty, he "admit[s] he committed every element" of the offense. *Id.*

¶ 36    Here, the State's factual basis asserted, when officers asked defendant his name, he responded with one that was not his. The State further provided it was not until later when officers were "[e]ventually" able to obtain defendant's true identity. From this assertion, the trial court could reasonably conclude defendant "actually interfere[d] with the administration of justice" such that the State established the material-impediment element. *People v. Comage*, 241 Ill. 2d 139, 150 (2011).

¶ 37    Third, unlike *Kayer*, where the defendant's guilty plea admitted to acts that could not be considered criminal, defendant's stipulation to the State's factual basis and guilty plea established that he "admitted he committed every element" of obstruction of justice, including that his acts constituted a material impediment. *Melvin*, 2023 IL App (4th) 220405, ¶ 17.

¶ 38    Given the foregoing, defendant's reliance upon *Kayer* is unavailing, as that case is distinguishable. *Kayer* aside, contrary to the arguments in defendant's petition, the record establishes that the trial court did not lack jurisdiction. The court had subject-matter jurisdiction because the criminal charges alleged the existence of a justiciable matter under section 31-4(a) of the Criminal Code of 1961 (720 ILCS 5/31-4(a) (West 2010)), over which the trial court had the authority to preside. See *People v. Baum*, 2012 IL App (4th) 120285, ¶ 13 (concluding the trial court had subject-matter jurisdiction where the charging instrument alleged the defendant committed a criminal offense). The court also had personal jurisdiction over defendant, as he

waived any assertion to the contrary by appearing in the underlying proceedings. See *id.* (concluding that the court had personal jurisdiction over the defendant where his appearance waived any objection asserting otherwise).

¶ 39     Because the trial court had subject-matter jurisdiction over the case and personal jurisdiction over defendant, no colorable argument can be presented that the court lacked jurisdiction to thereby render the judgment against defendant void. Consequently, we conclude defendant cannot avail himself of the exception to the two-year limitations period pertaining to void judgments. Thus, we agree with OSAD that no meritorious argument can be raised that the court erred in denying defendant's petition for relief from judgment as untimely. Defendant did not file his petition until May 24, 2024, over 12 years after the judgment was entered against him in October 2011, and well beyond the 2-year period within which to file such a petition under section 2-1401.

¶ 40     We further note to the extent defendant now raises the alternative argument that, even if his conviction was not void, his petition should be viewed as timely because he exercised due diligence in presenting his claim, that argument is unavailing. In the first instance, defendant did not present this argument to the trial court. Indeed, as evidenced by defendant's response to the State's motion to dismiss his petition, defendant affirmatively argued he was "not subject to the *** due diligence requirements of a 2-1401 petition" because he was advancing a voidness challenge. We will not consider an argument raised for the first time on appeal. See *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 229 (1986) ("It is well established that matters not presented to or ruled upon by the trial court may not be raised for the first time on appeal."). In any event, even assuming defendant could show he exercised due diligence, he must also show the existence of a meritorious defense or claim to obtain relief pursuant to section 2-1401. *Pinkonsly*, 207 Ill. 2d at

565. However, as we have explained, contrary to the arguments in defendant's petition, the State presented a sufficient factual basis to establish a material impediment, and defendant's guilty plea amounted to an admission that he committed all elements of obstruction of justice. Accordingly, defendant would still be foreclosed from relief because he has not shown the existence of a meritorious defense or claim.

¶ 41 In sum, because defendant did not file his petition for relief from judgment within the two-year limitations period required by section 2-1401 of the Code, and because the void order exception cannot excuse his untimely filing, we agree with OSAD that no meritorious argument can be raised that the trial court erroneously dismissed his petition as untimely.

¶ 42 B. Procedural Requirements of Section 2-1401

¶ 43 OSAD also argues that no colorable argument can be raised on appeal that the trial court failed to comply with the procedural requirements of section 2-1401 in dismissing defendant's petition.

¶ 44 Section 2-1401 is a civil remedy that extends to criminal and civil cases. *Vincent*, 226 Ill. 2d at 8. Proceedings under section 2-1401 are subject to the usual rules of civil practice. *Id.* Accordingly, a section 2-1401 petitioner must give the opposing party notice that a petition has been filed. *People v. Matthews*, 2016 IL 118114, ¶ 8. The opposing party then has 30 days within which to answer the petition, move to dismiss it, or opt to file nothing. *Id.* The trial court can *sua sponte* dismiss a petition absent a responsive pleading if the petition is deficient as a matter of law, but it may not do so before the 30-day response period expires. *Id.* Should the opposing party file a motion to dismiss the petitioner's section 2-1401 petition, the petitioner must be given notice and an opportunity to respond. *People v. Stoecker*, 2020 IL 124807, ¶¶ 20-22. We review *de novo* whether the court properly dismissed a section 2-1401 petition. *Vincent*, 226 Ill. 2d at 18.

¶ 45        Here, defendant filed the petition for relief from judgment at issue in this appeal on May 24, 2024. The State filed its motion to dismiss on June 21, 2024, and defendant responded on July 15, 2024. The trial court subsequently dismissed defendant's section 2-1401 petition on October 15, 2024.

¶ 46        We agree with appellate counsel that no colorable argument can be made that the trial court failed to comply with the procedural requirements of section 2-1401. The court's dismissal of defendant's petition occurred over three months after the State filed its motion to dismiss and only after defendant filed his response to the State's motion. As a result, the court did not *sua sponte* dismiss the petition, let alone dismiss it before the 30-day response period expired. Nor did the court deprive defendant of the opportunity to respond. Instead, the court dismissed defendant's petition only after it became ripe for adjudication upon the expiration of the 30-day response period and only after considering the parties' arguments. See *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009).

¶ 47        Finally, we see no meritorious argument that the trial court erred in allowing defendant to proceed *pro se* in his section 2-1401 proceedings. "[A] petitioner has no express statutory right to the assistance of counsel when filing a section 2-1401 petition collaterally attacking a judgment." *Stoecker*, 2020 IL 124807, ¶ 36. While the court had discretionary authority to appoint counsel in such proceedings, it was "not obligated to appoint counsel in connection with the filing of a 2-1401 petition." *Id.*

¶ 48        Here, defendant represented himself in these section 2-1401 proceedings. Although the trial court could have exercised its discretion to appoint counsel, nothing in the record indicates defendant was unable to file his pleadings or present his arguments. To the contrary, the record establishes defendant was capable of filing pleadings containing legal augment without the benefit

of counsel. Nor is there any indication in the record that the trial court declined to appoint counsel for defendant upon the erroneous belief it did not have the authority to do so. See *People v. Bernard*, 2021 IL App (2d) 181055, ¶ 27. Therefore, we agree with OSAD that no colorable argument can be made the trial court abused its discretion in allowing defendant to proceed *pro se*.

¶ 49 Accordingly, we agree with OSAD that no meritorious argument can be raised on appeal that the trial court failed to comply with the procedural requirements of section 2-1401 in dismissing defendant's petition.

¶ 50         III. CONCLUSION

¶ 51 For the foregoing reasons, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 52 Affirmed.