Docket No. 108403.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

*In re* LUIS R., a Minor (The People of the State of Illinois, Appellant,
v. Luis R., Appellee).

*Opinion filed December 23, 2010.*

JUSTICE THOMAS delivered the judgment of the court, with
opinion.
Chief Justice Kilbride and Justices Garman, Karmeier, and Theis
concurred in the judgment and opinion.
Justice Freeman dissented, with opinion, joined by Justice Burke.
Justice Burke dissented, with opinion, joined by Justice Freeman.

## OPINION

The State filed a petition in the circuit court of Boone County
alleging that respondent, Luis R., was a delinquent minor. The trial
court dismissed that petition for a lack of jurisdiction. The issue
before us is whether that dismissal was warranted. For the reasons
that follow, we hold that it was not.

## BACKGROUND

On August 8, 2007, the State filed a petition in the circuit court of

Boone County alleging that respondent was a delinquent minor and seeking to make him a ward of the court. 705 ILCS 405/5–520(2) (West 2008). The petition charged two counts of aggravated criminal sexual assault, arising from conduct that occurred "on or about June through August of 2000." Respondent immediately moved to dismiss the petition, arguing that, because he was now 21 years old, the trial court was "without jurisdiction over [his] person." The State, in turn, moved to prosecute respondent under the criminal laws (see 705 ILCS 405/5–805(3) (West 2008)) and, in a separate motion, asked the trial court to designate the proceedings as an extended jurisdiction juvenile prosecution (see 705 ILCS 405/5–810 (West 2008)). Without ruling on either of the State's motions, the trial court granted respondent's motion to dismiss.

The State appealed, and the appellate court affirmed. 388 Ill. App. 3d 730. In so doing, the court began by examining section 5–120 of the Juvenile Court Act, which states in relevant part:

> "Exclusive jurisdiction. Proceedings may be instituted under the provisions of this Article concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate *** any federal or State law or municipal or county ordinance ***. *** Except as provided in [certain other sections of the Act], no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5–120 (West 2008).

The court then noted that, under section 5–105(10) of the Act, a "minor" is defined as "a person under the age of 21 years subject to this Act." 705 ILCS 405/5–105(10) (West 2008). Thus, according to the plain language of the Act, the State may institute proceedings under the Act only against persons who (1) are under the age of 21 and (2) prior to turning 17, violated or attempted to violate the law. Here, although the State's petition alleged that respondent was younger than 17 when he committed the alleged crimes, respondent was no longer "under the age of 21" at the time that petition was filed. Accordingly, the appellate court held that, "read literally," section 5–120 "does not authorize the State to institute proceedings [against respondent] under the Act, even though respondent was under 17 years of age when he allegedly committed the crime."

-2-

(Emphasis omitted.) 388 Ill. App. 3d at 732-33. From there, the appellate court went on "to consider whether there are any grounds for departing from the literal interpretation" of the Act.[1] 388 Ill. App. 3d at 733. Concluding that there were not, the appellate court affirmed the trial court's order dismissing the State's petition for lack of jurisdiction. 388 Ill. App. 3d at 738-39.

We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

The issue before us is whether the trial court properly granted respondent's motion to dismiss the State's delinquency petition for lack of jurisdiction. The absence or presence of jurisdiction is a purely legal question, and our review therefore is *de novo*. *In re Detention of Hardin*, 238 Ill. 2d 33, 39 (2010).

At the outset, we note that there is some confusion in the record as to the exact basis for the trial court's decision to grant respondent's motion to dismiss. More precisely, it is not clear whether the trial court's decision was based upon a perceived lack of *personal* jurisdiction, or a perceived lack of jurisdiction over the *subject matter*. On the one hand, the motion that respondent filed in the circuit court asserts that dismissal is warranted because the trial court "is without jurisdiction over [respondent's person]." Similarly, the trial court's written order granting that motion explicitly states that the basis for the trial court's ruling is that it "lacks jurisdiction over [respondent]." This phrasing clearly indicates both that respondent was requesting and that the trial court was granting a dismissal based on the lack of *personal* jurisdiction, not on the lack of *subject matter*

---

[1]This portion of the appellate court's analysis includes an examination of whether respondent's age at the time of the alleged offenses insulates him from criminal prosecution for those crimes. 388 Ill. App. 3d at 737-38. Although the appellate court ultimately did not express an opinion on this question, the entire discussion was advisory and should have not been included in the court's disposition. See *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 469 (2003) ("[t]he courts of Illinois do not issue advisory opinions to guide future litigation").

jurisdiction. On the other hand, the trial court concluded the hearing on respondent's motion to dismiss with the following oral pronouncement:

> "I'm just ruling that there is no jurisdiction under the Juvenile Court Act for *this proceeding*, and the motion is heard and granted." (Emphasis added.)

In this context, the trial court's use of the word "proceeding" suggests that the trial court was concerned more with its subject matter jurisdiction than with its jurisdiction over respondent's person. Likewise, in this court, the parties have briefed and argued this case strictly in terms of the trial court's subject matter jurisdiction and have not raised any arguments either contesting or defending the court's jurisdiction over respondent's person. So from those standpoints, this appears to be a subject matter jurisdiction case. Given this confusion, and because it ultimately makes no difference to our disposition, we will address both questions–that is, whether the trial court had jurisdiction over respondent's person, and whether the trial court had jurisdiction over the subject matter.

Subject Matter Jurisdiction

We begin with the court's subject matter jurisdiction. This court defines "subject matter jurisdiction" as a court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *In re M.W.*, 232 Ill. 2d 408, 415 (2009), quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). With only one exception that is not relevant here, " 'a circuit court's subject matter jurisdiction is conferred entirely by our state constitution.' " *M.W.*, 232 Ill. 2d at 424, quoting *Belleville Toyota*, 199 Ill. 2d at 334. The relevant constitutional provision is section 9 of article VI, which states:

> "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, §9.

-4-

Thus, except in the context of administrative review, an Illinois circuit court possesses subject matter jurisdiction as a matter of law over all "justiciable matters" brought before it. *M.W.*, 232 Ill. 2d at 424.

Generally speaking, a "justiciable matter" is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota*, 199 Ill. 2d at 335. To invoke a circuit court's subject matter jurisdiction, a petition or complaint need only "alleg[e] the existence of a justiciable matter." *M.W.*, 232 Ill. 2d at 426. Indeed, even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, as "[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings." *Belleville Toyota*, 199 Ill. 2d at 340. In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present.

In *Belleville Toyota*, for example, the issue was whether compliance with the statutory limitations period is a jurisdictional prerequisite to asserting a claim under the Motor Vehicle Franchise Act (815 ILCS 710/1 *et seq*. (West 2000)). *Belleville Toyota*, 199 Ill. 2d at 333. The defendants in that case argued that, because the plaintiff's cause of action was purely statutory in origin, the circuit court's exercise of subject matter jurisdiction was conditioned upon the plaintiff's demonstrated compliance with all statutory conditions, including the limitations period. We rejected this argument, explaining that a circuit court's subject matter jurisdiction is defined not by the authorizing statute but by the state constitution, and therefore the only prerequisite to the court's exercise of that jurisdiction is that the asserted claim is "justiciable." *Belleville Toyota*, 199 Ill. 2d at 334-35. Moreover, we explained, even if it does so defectively, so long as the plaintiff's complaint alleges the existence of a justiciable matter, the trial court possesses the jurisdiction to adjudicate that complaint, as "[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings." *Belleville Toyota*, 199 Ill. 2d at 340. Therefore, we concluded, whether or not the plaintiff was in actual compliance with

the statutory limitations period, the circuit court had subject matter jurisdiction "to hear and determine plaintiff's claim because it was among the general class of cases–those presenting a claim under the [Motor Vehicle Franchise] Act, a justiciable matter–to which the court's constitutionally granted original jurisdiction extends." *Belleville Toyota*, 199 Ill. 2d at 340.

The question in this case, then, is whether the State's delinquency petition alleges the existence of a justiciable matter to which the circuit court's constitutionally granted original jurisdiction extends. Clearly, it does. The State's petition asserts a claim under section 5–520 of the Juvenile Court Act of 1987 (705 ILCS 405/5–520 (West 2008)). That section specifically authorizes the State to file in the circuit court petitions alleging that the respondent is a delinquent minor and praying that the minor be adjudged a ward of the court. The State's petition does this and it does so definitely and concretely, setting forth respondent's alleged offenses with detail and specifically requesting that respondent be adjudged a ward of the court. On its face, then, the State's petition alleges the existence of a justiciable matter, which is the only prerequisite to the trial court's exercise of subject matter jurisdiction in this case. Accordingly, to the extent that it was based upon a perceived lack of subject matter jurisdiction, the trial court's order dismissing the State's petition was in error.

Now, in reaching this result, we recognize that there is a potentially fatal pleading defect in the delinquency petition that the State filed in this case. Even if that turns out to be the case, however, the trial court possessed the requisite subject matter jurisdiction to adjudicate that petition. This is because, and we wish to make this very clear, subject matter jurisdiction has nothing to do with the legal sufficiency of the asserted claim. Rather, the *only* consideration is whether the asserted claim, legally sufficient or not, was filed in the proper tribunal. If it was, subject matter jurisdiction is present, whether or not the claim is legally defective. The present case provides a perfect illustration of this principle. Respondent's motion to dismiss did not assert that Illinois circuit courts lack the inherent authority to adjudicate delinquency petitions, or that the State's petition should have been filed in a different tribunal, such as the Illinois Human Rights Commission or the Court of Claims. Such a motion would have been patently frivolous, as the circuit court's

authority to adjudicate delinquency petitions is beyond dispute. Rather, respondent's motion asserted that this particular delinquency petition is legally defective in that respondent falls outside the class of persons against whom such petitions may lawfully be filed. While respondent may very well be correct, the fact remains that someone has to decide that question in the first instance. And the tribunal with the authority to make that decision is the tribunal with subject matter jurisdiction. Here, that tribunal is the circuit court.

Admittedly, the relevant statutory language is not helpful, as the inclusion of the phrase "exclusive jurisdiction" in section 5–120's title creates the impression that section 5–120 somehow grants authority to the circuit court to adjudicate juvenile delinquency petitions, and that the limitations contained within that section are therefore limitations on the circuit court's jurisdiction. But as we already have seen, once the legislature creates a justiciable matter, the circuit court's authority to adjudicate that matter derives exclusively from the state constitution and therefore cannot be limited by the authorizing statute. *Belleville Toyota*, 199 Ill. 2d at 334-35. That said, section 5–120's title is misleading, as that section is *not* in fact a grant of authority to the circuit court. Rather, section 5–120 is a grant of authority to *the State*, specifically defining the class of persons against whom the State may lawfully initiate juvenile delinquency petitions:

> "Proceedings may be instituted under the provisions of this Article concerning any minor who prior to the minor's 17th birthday has violated or attempted to violate *** any federal, State, county or municipal law ***." 705 ILCS 405/5–120 (West 2008).

Of course, that the legislature restricts the class of persons against whom the State may initiate juvenile delinquency proceedings is no guarantee that the State will always abide by those restrictions. This is where the circuit court, and its inherent authority to adjudicate "all justiciable matters," comes in. By initiating juvenile delinquency proceedings–that is, by filing a petition alleging that the respondent is a delinquent minor and praying that the respondent be made a ward of the court–the State is alleging the existence of justiciable matter. At this point, the circuit court's subject matter jurisdiction is triggered, and it possesses all authority to adjudicate the merits of the

State's claim, including whether that claim falls outside the grant of authority conferred in section 5–120. That is effectively what the trial court was asked to do here, and it undeniably possessed the authority to do so.

For these reasons, we hold that the circuit court below possessed subject matter jurisdiction over the State's delinquency petition. Its dismissal of that petition for lack of subject matter jurisdiction was therefore erroneous.

Personal Jurisdiction

We now consider whether the circuit court possessed jurisdiction over respondent's person. Unlike subject matter jurisdiction, which is invoked by the filing of a petition or complaint alleging the existence of a justiciable matter, personal jurisdiction is " 'derived from the actions of the person sought to be bound.' " *M.W.*, 232 Ill. 2d at 426, quoting *Meldoc Properties v. Prezell*, 158 Ill. App. 3d 212, 216 (1987). Thus, a petitioner or plaintiff submits to the jurisdiction of the court by filing a petition or complaint, " 'thereby seeking to be bound to the court's resolution' " thereof. *M.W.*, 232 Ill. 2d at 426, quoting *Owens v. Snyder*, 349 Ill. App. 3d 35, 40 (2004). A respondent or defendant, by contrast, either has personal jurisdiction imposed upon him by the effective service of summons, or consents to personal jurisdiction by his appearance. *M.W.*, 232 Ill. 2d at 426; see also 705 ILCS 405/5–525(4) (West 2008) ("[t]he appearance of *** a person named as a respondent in a petition, in any proceeding under this Act shall constitute a waiver of service and submission to the jurisdiction of the court").

Here, there is no question that the circuit court had jurisdiction over respondent's person. Although the initial summons issued to respondent was returned unserved, respondent nevertheless consented to the circuit court's jurisdiction over his person on August 17, 2007, when his counsel filed a general appearance in this cause on his behalf. See *M.W.*, 232 Ill. 2d at 427-28; 705 ILCS 405/5–525(4) (West 2008). Thus, to the extent that the trial court's order dismissing the State's delinquency petition was premised on the lack of jurisdiction over respondent's person, it likewise was in error.

Remaining Issues

Although it attempts to frame them in the context of the circuit court's jurisdiction, the State raises two additional issues that extend beyond the pure jurisdictional questions discussed above. These issues are (1) whether the trial court should have granted the State's motion to transfer the proceedings to the criminal division for criminal prosecution; and (2) whether the State may prosecute respondent under the criminal law for offenses he allegedly committed as a minor. We decline to address these issues.

It is well settled that Illinois courts " 'cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events.' " *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 266 (2010) (Karmeier, J., concurring in part and dissenting in part, joined by Garman, J.), quoting *Stokes v. Pekin Insurance Co.*, 298 Ill. App. 3d 278, 281 (1998). Yet this is exactly what the State is asking us to do here. Because it granted respondent's motion to dismiss, the circuit court never ruled upon the State's transfer motion. That motion therefore remains pending, and presumably the circuit court will take it up on remand. As it stands, there is simply nothing for this court to review on this question. As for the State's authority to prosecute respondent under the criminal law, the State has not yet filed any criminal charges against respondent, and for all this court knows it may never do so. Consequently, the State's request for a ruling on this question is nothing more than a solicitation of legal advice on how to proceed, something this court emphatically does not dispense. For these reasons, we decline to address the additional issues raised by the State.

CONCLUSION

There is no question that the circuit court below possessed jurisdiction over the subject matter and over respondent's person, and the circuit court therefore erred in granting respondent's motion to dismiss. Accordingly, we reverse the judgment of the appellate court, reverse the judgment of circuit court, and remand the cause to the circuit court for further proceedings consistent with this decision.

*Judgments reversed;*
*cause remanded.*

JUSTICE FREEMAN, dissenting:

The issue in this case is a relatively simple one. May a circuit court entertain a petition of juvenile delinquency when the subject of the petition is 21 years of age? The answer is simple: the court may not. For that reason, the circuit court correctly dismissed the delinquency petition filed in this case, and the appellate court's judgment should be affirmed. Instead of recognizing that the circuit court is powerless to grant the relief requested in the petition, *i.e.*, the adjudication of the respondent as a delinquent and a ward of the court, the court instead insists on sending the case back to the circuit court "for further proceedings consistent with this decision." Slip op. at 9. What further proceedings can occur, given the facts, is anybody's guess. I, therefore, write separately to set forth my views on why the State can no longer obtain relief from the circuit court on its petition for delinquency.

Article V of the Juvenile Court Act, which addresses delinquent minors, creates a special procedural and substantive enclave for minors accused of criminal acts. Not only is the purpose of this article to " 'deal[ ] with the problem of juvenile delinquency' " (*In re Jaime P.*, 223 Ill. 2d 526, 534 (2006), quoting 705 ILCS 405/5–101(1) (West 1998)), but its "overriding purpose" is to "deal with delinquency in those '*under* the age of 21.' " (Emphasis added.) *Jaime P.*, 223 Ill. 2d at 534, quoting 705 ILCS 405/5–101(10) (West 1998).

According to article V, a delinquent minor "means any minor who prior to his or her 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law, county or municipal ordinance." 705 ILCS 405/5–105(3) (West 2008). A minor is defined as a "person under the age of 21 years." 705 ILCS 405/5–105(10) (West 2008). In furtherance of its purpose, under article V, a minor is to be accorded preferential and protective treatment not available to adults accused of committing crimes. For

-10-

example, special obligations not applicable in adult criminal proceedings are imposed on the arresting officer (705 ILCS 405/5–405 (West 2008)), pretrial judge (705 ILCS 405/5–501 (West 2008)), the State's Attorney (705 ILCS 405/5–415(2) (West 2008)), and trial judge (705 ILCS 405/5–601 (West 2008)). The ultimate result of these special procedures differs, in substantial ways, from that of an adult criminal proceeding. Indeed, a successful prosecution under article V results not in a conviction of a crime, but rather in an adjudication of delinquency. Although a juvenile adjudged delinquent may be placed in detention, the detention cannot go beyond the attainment of the age of 21. 705 ILCS 405/5–750(3) (West 2008). Finally, by statute, all proceedings under the Act "automatically terminate upon [respondent's] attaining the age of 21 years." 705 ILCS 405/5–755(1) (West 2008).

Accordingly, by definition, persons over the age of 21 are not entitled to the protections of the Act. There is no dispute in this case that defendant here was over 21 when the proceedings were instituted. The Act by its own language does not apply to him. More importantly, the circuit court could no longer enter a judgment of delinquency against him. By virtue of the State's delay, defendant has outgrown his status as a juvenile and the purposes and benefits of the Act. The circuit court does not have the authority to adjudicate the matter of respondent's delinquency. As such, the circuit court correctly dismissed the State's petition.

Rather than apply the statutory provisions, the court gets distracted by arguments regarding subject matter and personal jurisdiction, concepts that have nothing to do with the real issue: whether the circuit court has the authority under article V of the Juvenile Court Act to adjudicate a petition of delinquency filed against a 21-year-old. There is no question that the legislature made the adjudication of a minor's delinquency a "justiciable matter" as that term is used in section 9 of article VI of the Illinois Constitution. *In re A.H.*, 195 Ill. 2d 408, 415-17 (2001); *In re M.W.*, 232 Ill. 2d 408, 444 (2009) (Freeman, J., specially concurring, joined by Thomas and Burke, JJ.). The problem though remains that, because the respondent is 21 years old, the Act no longer applies to him, which renders the circuit court unable to grant relief under the Act. See *In re A.H.*, 195 Ill. 2d at 416; see also *People ex rel. Graf v. Village of Lake Bluff*,

206 Ill. 2d 541, 564 (2003) (Freeman, J., dissenting, joined by McMorrow, C.J.), citing *In re M.M.*, 156 Ill. 2d 53, 75 (1993) (Miller, C.J., concurring, joined by Bilandic, J.). A court cannot enter a judgment unauthorized by law. *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552 (2002); *People v. Arna*, 168 Ill. 2d 107, 113 (1995). There was no action the circuit court could have taken in this case but to dismiss, again not for lack of jurisdiction, but more appropriately due to an inability to exercise jurisdiction given the parameters of the statute in question. See H. Fins, *Re-Examination of "Jurisdiction" in Light of New Illinois Judicial Article*, 53 Ill. B.J. 8 (1964). Because this court can affirm for any reason apparent in the record, the judgment of the circuit court should be affirmed.

JUSTICE BURKE joins in this dissent.

JUSTICE BURKE, dissenting:

I cannot join the majority because it assigns to the circuit court a "confusion" about jurisdiction that does not exist. The only confusion in this case is created by the majority, which chooses to interpret the circuit court's use of the term "jurisdiction" one way, while adopting a different interpretation of the term "jurisdiction" when that term is used by respondent and the legislature. I would interpret the term consistently. Doing so leads to the conclusion that the circuit court was correct when it dismissed the delinquency petition filed in this case. Accordingly, I would affirm the judgment of the appellate court.

On August 8, 2007, the State filed a delinquency petition against respondent Luis R., charging him with two counts of aggravated criminal sexual assault allegedly committed between June and August of 2000. Because of the gap in time between the commission of the crimes and the filing of the petition, respondent, who had been a minor when the charged acts occurred, had reached the age of 21. Accordingly, Luis R. sought dismissal of the petition, arguing that the court did not have "jurisdiction" over him.

The circuit court granted respondent's motion to dismiss. In its order dismissing the State's delinquency petition, the circuit court agreed with respondent, indicating that the court "lacks jurisdiction over [respondent]." In its oral pronouncements at the hearing on the

motion, the court said, "I'm just ruling that there is no jurisdiction under the Juvenile Court Act for this proceeding." From these two statements, the majority concludes that the circuit court was "confused" on the matter of jurisdiction. The majority then launches into a discussion on the constitutionally derived nature of a circuit court's subject-matter jurisdiction, reiterating what *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 199 Ill. 2d 325 (2002), made clear–that amendments to the judicial article of the 1870 constitution, enacted in 1964 and retained in our current article VI, section 9, created a single integrated court system with a unified circuit court which enjoys " 'original jurisdiction of all justiciable matters.' " *Belleville*, 199 Ill. 2d at 337, quoting Ill. Const. 1870, art. VI, §9 (amended 1964). After this discussion, the majority then reaches the rather unremarkable determination that the circuit court possessed subject-matter jurisdiction in this case.[2] What I find puzzling is why the majority finds it necessary to engage in this discussion.

As noted above, after the State filed its delinquency petition against respondent in the circuit court, respondent moved to have the petition dismissed, arguing that the circuit court had no *jurisdiction* over him. Interpreting respondent's use of the term "jurisdiction," the majority does *not* conclude that respondent was contending that the circuit court lacked article VI jurisdiction. Rather, the majority states:

> "Respondent's motion to dismiss did not assert that Illinois circuit courts lack the inherent authority to adjudicate delinquency petitions, or that the State's petition should have been filed in a different tribunal, such as the Illinois Human Rights Commission or the Court of Claims. Such a motion would have been patently frivolous, as the circuit court's authority to adjudicate delinquency petitions is beyond dispute. Rather, respondent's motion asserted that this particular delinquency petition is legally defective in that respondent falls outside the class of persons against whom such petitions may lawfully be filed." Slip op. at 6.

The majority also discusses the statute, section 5–120 of the

---

[2]The majority also determines that the circuit court possessed personal jurisdiction over respondent, an issue that the parties do not dispute.

Juvenile Court Act of 1987, which the circuit court applied in reaching its decision to grant dismissal. 705 ILCS 405/5–120 (West 2008). The majority notes that section 5–120 of the Act is entitled "exclusive jurisdiction," and finds this use of the term jurisdiction "not helpful." Slip op. at 7. However, the majority again rejects the notion that the term "jurisdiction," as used in this section, was intended to limit the scope of the court's authority in the article VI sense. Rather, harkening back to its earlier discussion of *Belleville Toyota* and article VI, the majority finds that section 5–120 is simply "misleading, as that section is *not* in fact a grant of authority to the circuit court. Rather, section 5–120 is a grant of authority to *the State*, specifically defining the class of persons against whom the State may lawfully initiate juvenile delinquency petitions." (Emphases in original.) Slip op. at 7.

If the majority can interpret the term "jurisdiction" as used by respondent and by our legislature in such a way that does not offend our constitution, why should a different interpretation be assigned to the circuit court's ruling? Isn't it likely that the court, which is presumed to know the law, was not asserting "that Illinois circuit courts lack the inherent authority to adjudicate delinquency petitions, or that the State's petition should have been filed in a different tribunal"? And isn't it more likely that when the circuit court ruled that it did not have "jurisdiction" it meant, like the respondent, that the petition was "legally defective in that respondent falls outside the class of persons against whom such petitions may lawfully be filed "?

By selectively assigning different meanings to the term "jurisdiction," the majority blinds itself to the actual rationale behind the circuit court's order. When the circuit court granted respondent's motion to dismiss and said it lacked "jurisdiction," it did not mean that, as a circuit court, it lacked authority to enter a ruling. Rather, just like respondent and section 5–120 of the Act, the circuit court meant that the petition was legally defective. The correctness of that ruling is the issue that should be addressed. Instead, the majority concludes that the circuit court has article VI jurisdiction–a matter that no one actually disputes–and remands this matter back to the circuit court for unspecified "further proceedings," wasting the time and money of the State, as well as precious judicial resources. I can see no purpose to such a course of action.

In my view, the appellate court judgment should be affirmed. As Chief Justice Miller stated in his concurrence in *In re M.M.*, 156 Ill. 2d 53, 75 (1993) (Miller, C.J., concurring, joined by Bilandic, J.),

> "That a circuit court's jurisdiction over a certain matter is conferred by the constitution rather than by the legislature does not mean, however, that a court is free to act in ways inconsistent with controlling statutory law ***. Clearly, the constitutional source of a circuit court's jurisdiction does not carry with it a license to disregard the language of a statute."

The circuit court properly dismissed the State's juvenile delinquency petition against respondent. To have done otherwise would have been "inconsistent with controlling statutory law." The fact that the circuit court used the term "jurisdiction"–the same term used by respondent and the legislature–in its ruling should not distract us from the reality that dismissal of the petition was proper.

JUSTICE FREEMAN joins in this dissent.