NOTICE
Decision filed 11/07/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220422-U

NO. 5-22-0422

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* ADOPTION OF M.C., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Louise Bryant and James Bryant, | ) | Champaign County. |
| | ) | |
| Petitioners-Appellants, | ) | |
| | ) | |
| v. | ) | No. 21-AD-27 |
| | ) | |
| Jacqueline Larson, | ) | |
| Illinois Department of Children and Family Services, | ) | |
| Roche A. Cain Sr., William Larson, and Lisa Larson, | ) | Honorable |
| | ) | Sam A. Limentato, |
| Respondents-Appellees). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court erred by dismissing the adoption petition for lack of jurisdiction. The trial court abused its discretion in denying the petitioner's motion to consolidate the adoption action with the pending juvenile proceeding.

¶ 2 The petitioners appeal the order of the circuit court of Champaign County dismissing their petition for adoption, custody, guardianship, and visitation of their granddaughter, M.C., while a pending juvenile case involving M.C.'s mother was pending. The petitioners additionally appeal the denial of their motion to consolidate their adoption petition with the pending juvenile matter regarding the best interests of M.C. We reverse and remand.

1

¶ 3                                    I. BACKGROUND

¶ 4     The petitioners, Louise Bryant and James Bryant, are M.C.'s paternal grandmother and paternal step-grandfather. Their son, and the father of M.C., passed away on August 29, 2013. M.C. was born on November 13, 2013. Paternity was established through a court proceeding in Champaign County, Illinois.[1] M.C.'s mother is Jacqueline Larson (Mother).

¶ 5     Mother was named as the respondent in a petition for adjudication of neglect of M.C. filed through the Department of Children and Family Services (DCFS) pursuant to the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2018)) on December 19, 2019, in Champaign County. On July 20, 2020, a dispositional order made M.C. a ward of the court.[2] DCFS was appointed as guardian and was given legal authority to place M.C. in care and consent to medical treatment.

¶ 6     The petitioners were not parties in the juvenile case. They filed a petition for adoption, custody, guardianship, and visitation (adoption petition) on April 23, 2021, in Champaign County. The petitioner's case was designated as an adoption case by the circuit clerk and was not assigned to the same judge as the juvenile proceeding. The first count of the petition was brought pursuant to the Adoption Act (750 ILCS 50/1 *et seq.* (West 2020)). The petitioners claimed that adoption was in M.C.'s best interest as Mother was unfit. The petitioners additionally sought temporary and permanent parental responsibility under the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (750 ILCS 5/101 *et seq.* (West 2020)) and guardianship under the Probate Act of 1975 (Probate Act) (755 ILCS 5/11-1 *et seq.* (West 2020)). All of the named respondents, including M.C., were properly served with a summons.

_____

[1]See *Larson v. Cain*, No. 13-F-613 (Cir. Ct. Champaign County, Feb. 11, 2015).
[2]See *In re M.C.*, No. 19-JA-78 (Cir. Ct. Champaign County, July 20, 2020).

¶ 7    Mother filed an answer to the adoption petition and subsequently filed a *pro se* motion to dismiss. She asserted that DCFS had temporary guardianship over M.C. with discretion to appoint a foster parent and M.C. had lived with her foster parent for over six months. Mother additionally asserted that she was receiving unsupervised parenting time and the juvenile case would determine whether she was a fit parent. Mother argued that the adoption petition should be dismissed because there was another action pending between the same parties for the same cause and because the court did not have jurisdiction over the adoption petition.

¶ 8    The Attorney General of the State of Illinois, on behalf of DCFS, filed motion to dismiss pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1) (West 2020)) in response to the adoption petition. DCFS claimed that the adoption petition was prematurely filed because of the pending juvenile matter and the juvenile court "retains exclusive jurisdiction over the custody, guardianship, and placement of [M.C.]." DCFS relied on section 2-27 of the Juvenile Court Act (705 ILCS 405/2-27 (West 2020)). Furthermore, DCFS alleged that M.C. was not available for adoption because Mother's parental rights were still intact and DCFS did not have the authority to consent to the adoption.

¶ 9    On September 23, 2021, the judge assigned to the adoption proceeding held a hearing on both motions to dismiss. Mother did not appear for the hearing. DCFS requested that the court take judicial notice of the confidential records in the pending juvenile case. DCFS then argued that the juvenile court had exclusive jurisdiction to determine custody or guardianship of M.C. and any decision that would exceed the juvenile court's jurisdiction would be void. Additionally, DCFS argued that the adoption petition was premature because M.C. was not available for adoption while the juvenile case was pending, and Mother's parental rights remained intact. DCFS further argued that even if Mother had consented to the adoption, the child would not be available for adoption,

absent consent by DFCS. And, because M.C. was subject to protective custody in the pending juvenile proceeding, DCFS could not consent to an adoption without the court's permission.

¶ 10    Petitioners then argued that the matter pending under the Juvenile Court Act did not limit the circuit court's jurisdiction because the circuit court had jurisdiction to hear adoption matters under the Adoption Act, guardianship matters under the Probate Act, and related matters under the IMDMA. The petitioners requested to amend their petition to expand on their claim that Mother was unfit.

¶ 11    The circuit court considered that the juvenile case had been pending for approximately two years, the court was not aware of any progress towards resolution and that matters brought under the Juvenile Court Act and the Adoption Act were to proceed expeditiously. The court additionally considered that the Adoption Act allowed the court to terminate parental rights. The motions to dismiss were denied without any further findings and the petitioners were granted leave to amend their adoption petition.

¶ 12    The petitioners amended their adoption petition, which remained substantially the same as their original pleading. The adoption petition was amended to include that Mother was an unfit person based on "neglect for failure to make reasonable efforts to correct the conditions that were the basis for the removal of the child during the nine-month period following the adjudication of neglect."

¶ 13    In response to the amended adoption petition, DCFS filed a motion to dismiss pursuant to section 2-619(a)(1) of the Code (735 ILCS 5/2-619(a)(1) (West 2020)). DCFS requested, in the alternative, that the circuit court stay the adoption matter until the resolution of the juvenile matter.

4

¶ 14    Mother did not file a pleading in response to the amended adoption petition. On January 3, 2022, the circuit court entered an order finding Mother in default as to petitioners' amended petition for adoption, parental responsibility and guardianship filed on September 23, 2021.

¶ 15    On March 21, 2022, the circuit court held a hearing on DCFS's motion to dismiss the amended petition. DCFS argued that the juvenile court had exclusive jurisdiction and that the court lacked jurisdiction where Mother's parental rights remained intact. In response, the petitioners argued that DCFS's motion was nearly identical to the previous motion which the court had denied on September 23, 2021. The petitioners further argued that the court had jurisdiction to hear adoption proceedings separate and apart from the juvenile proceeding. They also argued that the juvenile case had been pending for too long, longer than the nine-month period required to correct the conditions which brought the child into care.

¶ 16    DCFS responded that an adoption case may parallel a juvenile case when the child was available for adoption. However, M.C. was not available for adoption and the goal in the juvenile case at that time was for the child to return home. DCFS argued that the adoption proceeding had interfered with the juvenile proceeding because a default judgment had been entered against Mother in the adoption proceeding, and she was confused on whether she should continue services required by DCFS in the related juvenile proceeding.

¶ 17    After hearing arguments, the court stated that it believed rulings in the adoption case would cause confusion in the juvenile case where the issue of whether the child should return to her parent remained pending. The court considered staying the adoption case until the juvenile case concluded or consolidating the matters. DCFS argued against consolidating the matters where petitioners had not filed a motion to consolidate and argued that the petitioners were without grounds to intervene in the juvenile case. Ultimately, the court determined that it lacked

5

jurisdiction over the amended adoption petition. The petition was dismissed in its entirety without prejudice to allow the petitioners to refile their adoption petition after the conclusion of the juvenile case. The court decided against consolidating the matters or entering a stay after determining the court lacked jurisdiction. Additionally, the court found that the dismissal nullified the default order entered against Mother.

¶ 18    On April 19, 2022, the petitioners filed a motion to reconsider and a motion to consolidate. The petitioners argued in their motion to reconsider that the circuit court was a court of general jurisdiction and that although the circuit clerk had designated different divisions to hear certain actions, each division of the court had equal and concurrent subject matter jurisdiction. The petitioners further argued that the court had jurisdiction where they alleged a justiciable matter, and that M.C. was available for adoption under the Adoption Act. The petitioners also filed a motion to consolidate in which they claimed that both the adoption and juvenile cases involved the best interest of M.C. The petitioners requested that the court stay the juvenile proceeding pending the resolution of the adoption proceeding. The circuit court denied the petitioners' motions and stated:

> "I've considered that while, yes, we are of the same unified court system, this is governed by two different statutes. And as of right now, this matter is in the juvenile court statute arena. We're not [going to] create inconsistent results with having two courtrooms and two statutes going at the same time. If and when the child does—and the Juvenile Court Act action is completed, then I am more than ready, willing, and able to expedite any adoption proceedings at the earliest possibility once that is done, but I can't have—have inconsistent results and do an end run."

This appeal follows.

6

¶ 19                                    II. ANALYSIS

¶ 20    The petitioners argue on appeal that the circuit court erred in dismissing their adoption petition. They additionally argue that the circuit court erred in denying their motion to consolidate the adoption case with the pending the juvenile case.

¶ 21    The circuit court granted DCFS's motion to dismiss based on the section 2-619(a)(1) finding that the court did not have jurisdiction. See 735 ILCS 5/2-619(a)(1) (West 2020). The legal question of whether the circuit court has jurisdiction is reviewed *de novo*. *In re Luis R.*, 239 Ill. 2d 295, 299 (2010).

¶ 22    We first consider whether the circuit court had subject matter jurisdiction over the pending adoption petition. Subject matter jurisdiction is a court's power "to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Luis R.*, 239 Ill. 2d at 300. A circuit court's subject matter jurisdiction is defined by the state constitution not by the authorizing statute. *Luis R.*, 239 Ill. 2d at 302. Therefore, the only prerequisite to the court's exercise of that jurisdiction is that the asserted claim is "justiciable." *Luis R.*, 239 Ill. 2d at 302. A "justiciable matter" is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002).

¶ 23    In adoption cases, parental rights may terminate by either consent or through an involuntary determination of unfitness. *In re Petition of Filippelli*, 207 Ill. App. 3d 813, 819 (1990). A proceeding to involuntarily terminate parental rights may be brought under the statutory authority of the Juvenile Court Act (705 ILCS 405/1-1 *et seq.* (West 2020)) or the Adoption Act (750 ILCS 50/1 *et seq.* (West 2020)). *In re A.S.B.*, 381 Ill. App. 3d 220, 221 (2008). The Adoption Act shall

7

be construed in concert with the Juvenile Court Act. 750 ILCS 50/2.1 (West 2020). The circuit court is not required to make a fitness determination before an adoption petition can be filed. *Filippelli*, 207 Ill. App. 3d at 819.

¶ 24    The petitioners asserted in the adoption petition that they are M.C.'s grandparents; that M.C.'s father was deceased; and that Mother was unfit as defined by section 1 of the Adoption Act. 750 ILCS 50/1(D) (West 2020). They further claimed in their adoption petition that they were fit and proper persons under the Adoption Act to adopt M.C. The adoption petition alleges a justiciable matter to which the circuit court's grant of constitutional jurisdiction extends.

¶ 25    DCFS argues, for the first time on appeal, that the petitioners failed to receive leave of court prior to filing the adoption petition as required under section 2-29 of the Juvenile Court Act. 705 ILCS 405/2-29. Strict statutory compliance to statutory requirements is not necessary for circuit court jurisdiction. *In re Marriage of Bussey*, 128 Ill. App. 3d 730, 733 (1984). Despite procedural failures, the circuit court has subject matter jurisdiction to hear and determine "a justiciable matter to which the court's constitutionally granted original jurisdiction extends." (Internal quotation marks omitted.) *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 841 (2010). Procedural failures which could have been corrected if raised in the trial court do not go to the question of jurisdiction and cannot be raised for the first time on appeal. *Bussey*, 128 Ill. App. 3d at 733. The circuit court acquired subject matter jurisdiction when the adoption petition was filed.

¶ 26    The circuit court additionally had personal jurisdiction over the parties involved. The petitioners submitted to the jurisdiction of the court by filing the petition. *Luis R.*, 239 Ill. 2d at 305. Personal jurisdiction was obtained over the respondents by the effective service of summons. *Luis R.*, 239 Ill. 2d at 305. It is undisputed that the respondents were served with summons and

that the parties were before the court. Therefore, the circuit court had both subject matter and personal jurisdiction and erred by granting the section 2-619(a)(1) motion to dismiss for lack of jurisdiction.

¶ 27   DCFS additionally argues that regardless of whether the circuit court has jurisdiction, the dismissal of the adoption petition was proper because the action exceeded the statutory authority of the juvenile court. We disagree.

¶ 28   It is not uncommon for an adoption petition to be filed while a juvenile petition is pending. We consider the case of *In re Marriage of T.H.*, 255 Ill. App. 3d 247, 253 (1993), where a juvenile petition was pending to terminate a father's parental rights and the minor child's aunt and uncle subsequently filed a petition to adopt with father's consent. The father petitioned the court to stay the juvenile case until the adoption case was finalized. The circuit court denied the stay and proceeded with the termination case. It was determined that neither the Adoption Act nor the Juvenile Court Act mandated that a subsequently filed adoption petition be heard prior to a petition to terminate parental rights. *T.H.*, 255 Ill. App. 3d at 253. *T.H.* considered that proceeding with the petition to terminate parental rights first left the court "free to consider the competing petitions to adopt rather than being bound to consider only the petition accompanied by consent, and it allow[ed] the court to achieve the best possible result for the minor children." *T.H.*, 255 Ill. App. 3d at 254.

¶ 29   In this case, the court erred by dismissing the adoption petition instead of determining how to proceed with both actions concurrently. Having determined that both the adoption petition and the Juvenile Court Act proceeding could advance simultaneously, we next turn to the issue of whether the circuit court erred by denying the motion to consolidate the adoption case with the juvenile case.

9

¶ 30    "[A]ctions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." 735 ILCS 5/2-1006 (West 2020). "Consolidation is proper when the cases involve almost identical issues and the failure to consolidate could result in inconsistent judgments." *In re Marriage of Reidy*, 2018 IL App (1st) 170054, ¶ 24. We review a circuit court's ruling on a motion to consolidate for an abuse of discretion. *Turner v. Williams*, 326 Ill. App. 3d 541, 546 (2001). The circuit court abuses its discretion when no reasonable person would take the same view. *Reidy*, 2018 IL App (1st) 170054, ¶ 26.

¶ 31    DFCS argues that the consolidation of the adoption petition with the pending juvenile petition would have frustrated the purposes of section 1-5 of the Juvenile Court Act, which limits who may intervene. Section 1-5(1) lists necessary parties to the juvenile proceeding as, the minor, his or her parents, guardian, legal custodian or responsible relatives. 705 ILCS 405/1-5(1) (West 2020). Previously appointed foster parents or relative caregivers have the right to be heard, but do not have the right to become a party to the proceeding. 705 ILCS 405/1-5(2)(a) (West 2020). Because the petitioners do not appear to be relative caregivers under the statute, although they are related to M.C., they do not have a right to intervene in the juvenile proceeding.

¶ 32    The consolidation of cases, however, is not equivalent to the right to intervene. "Distinct forms of consolidation exist." *In re Adoption of S.G.*, 401 Ill. App. 3d 775, 781 (2010). Several actions may merge into one action, lose their identity, and be disposed of as one suit. *S.G.*, 401 Ill. App. 3d at 781. Another form of consolidation occurs for convenience and economy where causes are not merged into a single suit, and the rights of the parties do not change or make those who were parties in one suit parties in another. *S.G.*, 401 Ill. App. 3d at 781. The consolidation of the

adoption and juvenile proceeding could have occurred without making the petitioners parties to the juvenile proceeding. The rights of the parties in their respective suits would not have changed.

¶ 33    The overriding concern of both the Adoption Act and the Juvenile Court Act is the best interests of the child. *T.H.*, 255 Ill. App. 3d at 253. The circuit court was concerned that inconsistent results could occur when two actions were pending under two different statutes in different courtrooms. The solution to that concern was the consolidation of the adoption proceeding with the juvenile proceeding.  This would have allowed one judge to consider the best result for the minor child at issue in both cases and avoid inconsistent judgments. Care could be taken to protect the confidentiality of the Juvenile Court Act proceedings by management of both actions in the same courtroom. This would have permitted the overlapping issues to be decided simultaneously, allowing for the expeditious resolution of the two proceedings. In light of the foregoing, we find the circuit court abused its discretion by denying the petitioner's motion to consolidate the adoption proceedings with the action brought pursuant to the Juvenile Court Act.

¶ 34                                   III. CONCLUSION

¶ 35    The circuit court possessed subject matter and personal jurisdiction over the adoption proceedings and therefore erred in granting respondent's motion to dismiss. The circuit court additionally abused its discretion by denying the petitioners' motion to consolidate the adoption case with the ongoing juvenile court proceeding. Accordingly, we reverse the judgment of the circuit court, and remand the cause for further proceedings consistent with this decision.


¶ 36    Reversed and remanded.

11