NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241588-U

NO. 4-24-1588

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 31, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| OMAR MUHAMMAD, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| TAMIKA WALKER, | ) | No. 24MR279 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Glenn R. Schorsch, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Presiding Justice Harris and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1 *Held*: The appellate court affirmed the trial court's dismissal of plaintiff's *mandamus* complaint, holding, because plaintiff failed to show the trial court in a traffic case lacked subject matter jurisdiction, he failed to show the trial court erred in dismissing his complaint.

¶ 2 In July 2024, plaintiff, Omar Muhammad, filed a complaint in Winnebago County seeking *mandamus* relief based on unspecified proceedings against him under the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 2024)). He named Judge Tamika Walker as defendant. (Muhammad's response to Walker's motion to dismiss indicates the proceedings at issue were in Winnebago County case No. 23-TR-2042 (the traffic case), over which Walker presided.) Muhammad asked the trial court "to [compel Walker] to cease enforcement actions against [his] noncommercial vehicle due to the lack of subject-matter jurisdiction." The court granted Walker's motion to dismiss. Muhammad now asks this court to reverse on the basis the trial court in the

traffic case lacked subject matter jurisdiction. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        On July 3, 2024, Muhammad filed a complaint asking the trial court to "[i]ssue a writ of *mandamus* compelling Tamika [W]alker, Associate Judge, acting in the capacity of an Administrator for purposes of the 625 ILCS: VEHICLES, which is a chapter of the general topic of Transportation, *** compelling her to acknowledge the lack of subject-matter jurisdiction over Petitioner's vehicle in the absence of a [Vehicle Services Department (VSD)] 190 form, as required by the [Vehicle Code] and supported by Illinois Constitution." (Emphasis omitted.) He did not identify the case or the action at issue.

¶ 5        The gist of Muhammad's claim was his noncommercial passenger vehicle was not regulated under the Vehicle Code because he had not filed a "VSD 190" form. (According to the Illinois Secretary of State, a "VSD 190" is an "Application for Vehicle Transaction(s)," including changing title and registration. Electronic Registration and Title, https://www.ilsos.gov/departments/vehicles/title_and_registration/pert.html (last visited Sept. 19, 2025).) He claimed, "Vehicles not used for hire or commercial purposes do not fall under the regulatory scope of the VSD 190 form," and he asserted, because he did not file a VSD 190 form, the court in the unidentified traffic action lacked subject matter jurisdiction.

¶ 6        Walker moved to dismiss the complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)). (Section 2-619.1 of the Code permits a defendant to file a combined motion to dismiss pursuant to sections 2-615 (*id.* § 2-615)—under which the trial court may dismiss the complaint for failing to state claim upon which relief can be granted—and 2-619 of the Code (*id.* § 2-619)—under which it may dismiss the complaint based on certain defects or defenses). In the memorandum of law accompanying the motion, Walker

argued, among other things, no legal basis existed to conclude the absence of a VSD 190 form has any relevance to a trial court's jurisdiction. She further asserted the complaint failed to set out a complaint for *mandamus* and contended, if Muhammad believed that she mishandled his traffic case, his recourse was to file an appeal, not a complaint for *mandamus*.

¶ 7        Muhammad filed a response (trial court response) identifying the case to which his complaint related as the traffic case. He asserted, "Noncommercial vehicles, such as those not used for hire, trade, transportation, or commerce, do not fall under the regulatory framework of the *** Vehicle Code and therefore would not be subject to traffic enforcement under the jurisdiction of courts handling Transportation matters." (Emphasis omitted.) He provided citations to the Vehicle Code, which he asserted proved that noncommercial vehicles are not "vehicles" as defined by the relevant statutes.

¶ 8        Muhammad argued:

"Transportation infractions are administrative infractions created for traffic enforcement under the transportation law. The Supreme Court of Illinois noted [in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 339 (2002)], that, [']where the court is in the exercise of special statutory jurisdiction [*i.e.*, reviewing an administrative action], "if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court.["] ' The statute requires that the executive branch acquire a VSD 190 form from citizens of Illinois before enforcement of commercial regulations under the *** Vehicle Code can proceed from anyone, especially against private property. Including respondent. There is no administrative agreement (VSD 190 see attached exhibit to petition) between Petitioner and the Executive Branch via the Secretary of State

- 3 -

with respect to the matter, thus no cause of action." (Emphases omitted.)

He further asserted:

> "The court lacks subject matter jurisdiction where there is no VSD 190 form in the record demonstrating [he] requested a certificate of commercial title for his private property, [which would] effectively bring[ ] that property within the subject matter jurisdiction of the Topic of Transportation and the several chapters therein."

¶ 9 The trial court dismissed Muhammad's case with prejudice. The record contains a docket entry by the clerk of court dated December 13, 2024, stating: "Hearing Result: Cause comes on for Hearing ***. Decision rendered. [Walker's] Motion to Dismiss is granted for reasons stated on the record. [Muhammad] has 30 days if [he]wants to file an appeal. Order to follow. Case to be closed." A second docket entry dated December 16, 2024, states: "Case Dismissal With Prejudice Order: See Order Filed." The record contains neither the dismissal order nor a transcript of the hearing on the motion to dismiss.

¶ 10 This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12 On appeal, Muhammad argues the trial court was, for the reasons he set out in the trial court response, wrong to conclude the court had subject matter jurisdiction over the traffic case. He asks us to address the argument he made in his response as his argument on appeal.

¶ 13 In response, Walker argues Muhammad's appeal should fail for three reasons. First, citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984), she argues, because the record on appeal does not contain a transcript of the hearing at which the trial court stated its grounds for dismissing the complaint, Muhammad has failed to present a sufficiently complete record to support his claim of error. Second, she argues, because Muhammad's brief itself fails to contain any argument but

merely attempts to incorporate by reference his trial court response, his brief is insufficient under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and we should strike the brief or dismiss the appeal. Third, she argues, because Muhammad's complaint failed to state a basis for *mandamus* relief, the trial court properly dismissed it.

¶ 14    In reply, Muhammad contends Walker failed to address the "central issue," which he identifies as whether the trial court in the traffic case "possess[ed] subject matter jurisdiction to adjudicate a Vehicle Code violation when the statute's scope is restricted to 'transportation' and 'commerce,' and [he] was not engaged in either." In support of his argument, he cites generally *People v. Castleberry*, 2015 IL 116916, and *In re Luis R.*, 239 Ill. 2d 295 (2010), both cases that, like *Belleville Toyota*, recognize that trial courts are subject to statutory limits on their subject matter jurisdiction when—and only when—they are reviewing administrative actions. See *Castleberry*, 2015 IL 116916, ¶ 15, and *Luis R.*, 239 Ill. 2d at 301 (both recognizing the exception).

¶ 15    For the reasons that follow, we hold that Muhammad failed to state a claim for *mandamus* relief because he did not set out any basis on which one could conclude the administrative action rule for a trial court's subject matter jurisdiction applied to the traffic case.

¶ 16                    A. Section 2-619.1 Standards

¶ 17    The trial court granted Walker's motion to dismiss under section 2-619.1 of the Code, which combines arguments under sections 2-615 and 2-619 of the Code. "A section 2-615(a) motion to dismiss tests the legal sufficiency of the complaint, while a section 2-619(a) motion admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action." (Internal quotation marks omitted.) *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 7. We review *de novo* a trial court's dismissal of a complaint under section 2-619.1, and we may affirm such dismissals on any basis supported by the record.

*Madison County v. Illinois State Board of Elections*, 2022 IL App (4th) 220169, ¶ 42.

¶ 18        In determining whether a complaint was properly subject to dismissal under section 2-615, " 'we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts.' " *Bueker v. Madison County*, 2016 IL 120024, ¶ 7 (quoting *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006)). When deciding whether the record supports such a dismissal, we must construe a complaint in the light most favorable to the plaintiff, and we must not affirm the dismissal of a cause of action unless it is clearly apparent the plaintiff cannot prove any set of facts entitling them to relief. *Id.* However, a complaint is not sufficient if it "rel[ies] on mere conclusions of law or fact unsupported by specific factual allegations." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009).

¶ 19                    B. Lack of a Complete Record

¶ 20        Walker asserts, because we lack a record setting out the trial court's reasons for the dismissal, we may affirm under the principles of *Foutch*. We disagree. Because we may affirm a dismissal under section 2-619.1 on any basis supported by the record (*Madison County*, 2022 IL App (4th) 220169, ¶ 42), knowing the court's basis for dismissal is not essential for our analysis. The core holding of *Foutch* is, "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant" and the reviewing court must presume the trial court's order conformed to the law. *Foutch*, 99 Ill. 2d at 392. However, because there is no deference to the court's reasoning on *de novo* review, an incomplete record of the court's reasoning does not preclude review. See *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30.

¶ 21                  C. Sufficiency of Muhammad's Argument

¶ 22        Walker next contends we should dismiss this appeal because Muhammad's brief

does not comply with the Rule 341(h)(7) requirement that the appellant offer argument. We decline to do so, as a reviewing court is required to dismiss an appeal or strike a brief based on a Rule 341(h)(7) violation only when the violation interferes with its review, something which has not occurred here. See *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005) (holding the striking of a brief based on violations of procedural rules is appropriate only when the violation precludes or interferes with the court's review).

¶ 23        While Muhammad did not comply with the literal requirements of Rule 341(h)(7), that noncompliance did not interfere with our review. We thus decline to dismiss the appeal or strike Muhammad's brief. Rule 341(h)(7) requires the appellant's brief contain "[a]rgument, which *shall contain* the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." (Emphasis added.) Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Muhammad seeks to incorporate by reference the argument contained in his trial court response. A similar attempt to incorporate an argument by reference was held to be improper. See *Gruse v. Belline*, 138 Ill. App. 3d 689, 698, (1985) (holding an appellant could not incorporate by reference the arguments in a posttrial motion appearing in the appendix to his brief). However, we have no difficulty reading Muhammad's response as his argument on appeal. Moreover, Walker does not appear to have been hindered in her ability to respond to the merits of Muhammad's argument by the location of that argument.

¶ 24                            D. Sufficiency of the Complaint

¶ 25        Walker argues Muhammad's complaint was fatally flawed and was thus subject to dismissal under section 2-615. We agree. The sole basis for Muhammad's *mandamus* claim was the trial court in the traffic case lacked subject matter jurisdiction, and the complaint failed to allege any circumstances under which that court would have lacked such jurisdiction.

¶ 26                          1. *Requirements for a Mandamus Complaint*

¶ 27          "Generally, a writ of *mandamus* will be awarded only if a plaintiff establishes a clear right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ." *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 465 (2004). Further, *mandamus* relief is available only when no other adequate remedy exists. *Id.* We have held that "*mandamus* may be used to prevent judges from acting where they have no jurisdiction." *Oliver v. Kuriakos-Ciesil*, 2020 IL App (4th) 190250, ¶ 23.

¶ 28                                    2. *This Case*

¶ 29          The complaint did not allege facts under which the trial court in the traffic case could have lacked jurisdiction.

> "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution. [Citations.] Under section 9 of article VI [of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 9)], that jurisdiction extends to all 'justiciable matters.' " *Belleville Toyota*, 199 Ill. 2d at 334.

The term "administrative action" "applies to all actions of government officials acting as part of the executive branch in an administrative capacity." *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 35. Where the court is exercising its special statutory jurisdiction to review an administrative action, the mode of acquiring jurisdiction prescribed by statute must be strictly followed, and where there is a failure to follow those requirements, the trial court will lack jurisdiction. *Belleville Toyota*, 199 Ill. 2d at 339. However, here, the complaint failed to set out facts alleging the traffic case related to a review of an administrative action.

¶ 30    Muhammad instead makes the bare assertion the traffic court case *was* an administrative action. Such a bare assertion is insufficient for a claim to survive a motion to dismiss under section 2-615. *Pooh-Bah Enterprises*, 232 Ill. 2d at 473. We understand Muhammad to contend the proceedings on the traffic matter were administrative, with the trial court serving as the administrator. The complaint alleges Walker was "acting in the capacity of an Administrator for purposes of the 625 ILCS: VEHICLES," and the trial court response contends, due to the lack of a VSD 190 form, "[t]here is no administrative agreement *** between [Muhammad] and the Executive Branch via the Secretary of State with respect to the matter, thus no cause of action." (Emphases omitted.) In other words, Muhammad appears to be claiming the trial court in the traffic case was not acting as a circuit court of the State of Illinois but rather as an extension of the administrative power of the Secretary of State. Despite Muhammad's extensive discussion of his claims of law, he offers no support for his assertion concerning the trial court's role. He thus fails to support the premise of his *mandamus* claim—that the court in the traffic case lacked subject matter jurisdiction.

¶ 31    We note that Muhammad's reply brief, like his opening brief, fails to explain how his complaint set out any basis on which one could conclude the traffic case related to an administrative action. It thus does not change our analysis.

¶ 32                III. CONCLUSION

¶ 33    For the reasons stated, we affirm the trial court's dismissal of Muhammad's *mandamus* complaint.

¶ 34    Affirmed.