NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230701-U

NO. 4-23-0701

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| NOSHMA D. PHELPS, | ) | No. 16CF37 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment dismissing defendant's section 2-1401 petition for relief from judgment.

¶ 2    In October 2022, defendant, Noshma D. Phelps, filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2022)). The trial court dismissed the petition, and defendant appealed. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal.

¶ 3    On appeal, OSAD has filed a motion to withdraw as counsel on the basis it can raise no colorable argument the trial court erred in dismissing defendant's petition. Defendant has filed a response to OSAD's motion. We grant OSAD's motion and affirm the court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5           Following a bench trial in May 2016, defendant was convicted of, in relevant part,

unlawful possession of heroin with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2016))

(count I) and unlawful possession of cocaine with intent to deliver (720 ILCS 570/401(c)(2)

(West 2016)) (count V). The convictions arose from a February 2016 traffic stop where

defendant was pulled over by Deputy Sheriff Nathan Campbell of the Woodford County

Sheriff's Office and arrested for driving on a suspended license.

¶ 6           Based upon a suppression hearing and the bench trial, the following facts were

developed: Campbell was enlisted by East Peoria police officer William McWhirter, a member

of the Metropolitan Enforcement Group, an Illinois State Police task force focused on narcotics

and gun crimes, to effect a traffic stop in Woodford County on a vehicle suspected of

involvement with drug transactions, which had been fitted with a GPS device. A GPS device

search warrant had been obtained on a Chevrolet Impala making short trips to Chicago, Illinois,

which, according to McWhirter, was a common practice for narcotics dealers. McWhirter

provided a photograph of defendant and told Campbell defendant's driver's license was

suspended. McWhirter hoped Campbell could obtain probable cause to stop the vehicle.

Campbell verified defendant's license was suspended and, upon driving up next to the vehicle

and briefly lighting up the driver's side, confirmed defendant was the driver and effected the

traffic stop. Defendant was arrested and transported to the Woodford County jail, where he was

strip searched and narcotics were found.

¶ 7           The trial court denied defendant's suppression motion, noting the strip search was

conducted pursuant to the written policy of the jail and finding Deputy Campbell's testimony

credible. At trial, the parties testified consistently with their suppression hearing testimony, and

the court found defendant guilty of the charged offenses. In August 2016, after merging several counts, the trial court sentenced defendant to a 20-year term of imprisonment on count I and a consecutive sentence of 15 years on count V. The appellate court affirmed defendant's convictions and sentences on direct appeal. *People v. Phelps*, 2019 IL App (4th) 160560-U, ¶ 1.

¶ 8            In June 2019, defendant filed a *pro se* postconviction petition, alleging (1) trial counsel was ineffective at his suppression hearing for failing to impeach the arresting officer's credibility with dash camera video of the traffic stop and (2) appellate counsel was ineffective for failing to challenge the imposition of consecutive sentences on direct appeal.

¶ 9            Upon advancing to the second stage, defendant obtained private counsel, who filed a supplemental postconviction petition in August 2020. The supplemental petition repeated defendant's *pro se* claims that trial counsel was ineffective (1) for failing to argue the arresting officer did not have reasonable suspicion and/or probable cause for the original traffic stop of defendant's vehicle and (2) for failing to use the dash camera video to impeach the officer.

¶ 10            In September 2020, the State filed a motion to dismiss. In October 2020, the trial court ordered a third-stage evidentiary hearing to consider defendant's ineffectiveness claim based on counsel's failure to use the dash camera video for impeachment, dismissing the suppression motion claim. In December 2020, the court denied defendant's motion to reconsider the dismissal of his suppression motion claim.

¶ 11            The evidentiary hearing occurred in June 2021, during which Campbell's dash camera video was published and Campbell testified. The focus of the inquiry, as asserted by defendant's counsel, was the point in time Campbell decided to stop the vehicle defendant was driving and the absence of a reasonable basis for doing so. The State said the inquiry was to determine whether the video corroborated Campbell's trial testimony, and the trial court agreed.

At the hearing's conclusion, the court denied defendant's petition. On appeal, appellate counsel moved to withdraw, asserting there was no merit to an appeal. The appellate court issued a summary order allowing counsel to withdraw, finding (1) the trial court did not commit manifest error by denying defendant's third-stage petition, (2) postconviction counsel provided reasonable assistance, and (3) any remaining claims were meritless. See *People v. Phelps*, No. 4-22-0221 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12 In October 2022, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2022)). Defendant alleged the warrant leading to his arrest was invalid because it was executed in a county other than the one in which it was issued. The warrant for the GPS tracking of the car had been issued in Peoria, but defendant was pulled over while driving through Woodford County. Defendant also alleged McWhirter did not request the GPS search warrant until after defendant was arrested. Therefore, he contended, there was no valid search warrant at the time of his arrest and the court lacked subject matter jurisdiction over the case. This was based on defendant's claim an officer from a different county should not have been allowed to develop probable cause based on a warrant issued outside the county.

¶ 13 In November 2022, the State filed a motion to dismiss on timeliness grounds, noting defendant's petition was filed more than two years from the time the judgment was entered. The State also asserted defendant's voidness claims were meritless and did not excuse the untimeliness of the petition.

¶ 14 In January 2023, defendant filed a motion for appointment of counsel. Three days later, defendant moved for substitution of judge for cause, which was denied by a different judge hearing the motion. In February 2023, defendant filed an amended section 2-1401 petition, which

was substantially similar to the first, but it included an additional assertion he could not have discovered information about the unsigned warrant earlier because his trial counsel and the State fraudulently concealed the information from him.

¶ 15　　　　In April 2023, at the hearing on the State's motion to dismiss defendant's section 2-1401 petition, defendant elected to proceed solely on his amended petition, conceding his jurisdictional claim. Defendant said his delay in filing the section 2-1401 petition was based on missing information about the warrant. Defendant maintained the warrant available to him and his attorney at the motion-to-suppress stage was unsigned, and if the warrant was invalid, police had no basis to follow or search him. Defendant asserted he asked his attorney to challenge the warrant based on the absence of an attached affidavit.

¶ 16　　　　The State said the warrant was signed and dated before defendant's arrest and was a part of the record—having been included by defendant as an exhibit with his postconviction petition. The trial court granted the State's motion to dismiss, finding no applicable exception to justify the delay. Defendant filed a motion to reconsider, returning to his original claim of a void conviction based on the warrant being issued in a county other than where he was arrested and convicted. Defendant also said his petition should have been considered timely since the judgment was void for lack of jurisdiction.

¶ 17　　　　Finding the warrant had no geographic limitation within the State, the trial court concluded both venue and jurisdiction were proper and denied the motion to reconsider. We appointed OSAD, and this appeal follows.

¶ 18　　　　　　　　　　　　　　　II. ANALYSIS

¶ 19　　　　On appeal, OSAD contends it can raise no colorable argument the trial court erred in dismissing defendant's petition for relief from judgment. Specifically, OSAD asserts the

claims alleged in defendant's pleadings and any claims of error OSAD has considered on this record have no merit, and the court did not err in dismissing defendant's petition for relief from judgment. We agree. We review the dismissal of a section 2-1401 petition for relief from judgment *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

¶ 20     "Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *People v. Thompson*, 2015 IL 118151, ¶ 28, 43 N.E.3d 984. "A proceeding under section 2-1401 is a forum in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time of trial, which, if then known, would have prevented the judgment." (Internal quotation marks omitted.) *People v. Coleman*, 206 Ill. 2d 261, 288, 794 N.E.2d 275, 292 (2002). To be entitled to relief, a petition under section 2-1401 must set forth (1) a meritorious claim or defense, (2) due diligence in presenting the claim or defense in the original action, and (3) due diligence in filing the petition. *Coleman*, 206 Ill. 2d at 289. "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8.

¶ 21     A section 2-1401 petition must be supported by affidavit or other appropriate showing as to matters not of record. 735 ILCS 5/2-1401(b) (West 2022). It may be dismissed if the facts alleged in the petition do not state a legal basis for relief. *Vincent*, 226 Ill. 2d at 9-10. Generally, a section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2022). When a petitioner files an untimely petition under section 2-1401, he must show (1) he was suffering under a legal disability or

duress or (2) the grounds for relief were fraudulently concealed from him. *People v. Caballero*, 179 Ill. 2d 205, 211, 688 N.E.2d 658, 660-61 (1997). In addition, the general two-year deadline does not apply to a petition seeking relief from a void judgment. 735 ILCS 5/2-1401(f) (West 2022); *Thompson*, 2015 IL 118151, ¶ 29. Our supreme court has recognized two situations in which a judgment will be deemed void: "(1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction" or "(2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Price*, 2016 IL 118613, ¶ 31, 76 N.E.3d 1240.

¶ 22                                A. Void Order

¶ 23          Defendant filed a petition for relief from judgment on October 26, 2022, more than six years after he was sentenced on August 1, 2016. Defendant's original petition alleged the trial court lacked subject matter jurisdiction based on what he claimed were defects with both the GPS warrant and the stop. As a result, he contended his conviction was a void order. The amended petition filed on February 1, 2023, alleged both a void judgment and fraudulent concealment of the search warrant information by the State.

¶ 24          At the April 2023 hearing on the State's motion to dismiss defendant's section 2-1401 petition, defendant informed the trial court he was proceeding solely on the amended petition and conceded the court had jurisdiction. Instead, he relied solely on what he considered his fourth amendment (U.S. Const., amend. IV) issue regarding the insufficiency of the GPS search warrant, saying, "my whole focus is the warrant." He argued his petition was late because he did not have the evidence about the warrant at the time. Nothing about defendant's argument addressed either of the only two bases for finding a judgment to be void. Defendant conceded

jurisdiction and never alleged the facial unconstitutionality of any statute involved in his case. See *Price*, 2016 IL 118613, ¶ 31.

¶ 25 Even if we considered defendant's several jurisdictional arguments, we agree with OSAD he had no valid claim. Courts in Illinois have subject matter jurisdiction over criminal charges alleging an "offense is committed either wholly or partly within the State." 720 ILCS 5/1-5(a)(1) (West 2016). A trial court's subject matter jurisdiction is derived from the state constitution. Ill. Const. 1970, art. VI, § 9. Personal jurisdiction is obtained once the accused appears before the court. *People v. Baum*, 2012 IL App (4th) 120285, ¶ 13, 979 N.E.2d 120. Once defendant appeared in court to answer criminal charges for offenses alleged to have been committed within the State of Illinois, the court had jurisdiction over him.

¶ 26 There is no merit to defendant's argument the trial court somehow lacked subject matter or personal jurisdiction over him because the GPS warrant was issued in one county and he was stopped in another. This has nothing to do with the court's jurisdiction. Having disposed of any jurisdictional claim, defendant was then left to show either (1) he was suffering under some legal disability or duress or (2) the fraudulent concealment of his grounds for relief to excuse his untimely filing. *Caballero*, 179 Ill. 2d at 211. As we noted above, he never claimed a legal disability or duress, so no argument exists there.

¶ 27                                    B. Fraudulent Concealment

¶ 28 We agree with OSAD that defendant's claim the GPS warrant was somehow invalid because it was not signed at the time he was stopped also has no merit. Ignoring, for our purposes here, the fact defendant was stopped based on probable cause unrelated to the GPS search warrant, the State established the warrant was signed and dated January 22, 2016, before defendant's arrest on February 16, 2016. Defendant was present in open court when his attorney

acknowledged that fact. The State also noted the signed warrant was part of the record and had been included as an exhibit submitted by defendant in his postconviction petition filed in June 2019—three years and eight months before his section 2-1401 petition. Further defendant provided no facts to explain how either the State or his attorney somehow prevented discovery of the documents he erroneously claimed he did not have. *People v. Dodds*, 2014 IL App (1st) 122268, ¶ 19, 7 N.E.3d 83 (holding to make a successful showing of fraudulent concealment, defendant must specifically allege facts demonstrating opponent affirmatively attempted to prevent discovery and offer factual allegations showing good faith and reasonable diligence). Finding no exception applied to avoid the two-year time limit otherwise applicable to section 2-1401 petitions, the trial court properly granted the State's motion to dismiss. See *Caballero*, 179 Ill. 2d at 211.

¶ 29                                C. Failure to Appoint Counsel

¶ 30            OSAD concluded the trial court's failure to appoint counsel to represent defendant on his section 2-1401 petition was harmless error. The portion of the record upon which OSAD relies contains comments by the judge temporarily assigned to hear defendant's motion for substitution of judge. At that hearing, the court found defendant was not entitled to counsel for his section 2-1401 petition within the context of hearing his motion for substitution of judge. The substitution motion was the only thing before this judge at the time—he was not hearing the section 2-1401 petition.

¶ 31            Defendant filed his motion for appointment of counsel in January 2023, at the same time he filed the first motion for substitution of judge and amended section 2-1401 petition. He had made no such request when he filed the original section 2-1401 petition in October 2022. The court hearing the section 2-1401 petition could not address the motion for appointment of

counsel until the substitution issue was resolved, and it appears once the case returned to the judge first hearing defendant's petition, the issue was never revisited. It is not clear from the record, however, whether the court denied defendant appointment of counsel for the section 2-1401 petition or merely for the substitution motion. Regardless, although defendant never again raised the issue of counsel, his motion remained unaddressed and, as a result, it was error for the court to fail to rule on it.

¶ 32    As OSAD notes, a trial court is not required to appoint counsel for a defendant pursuing a section 2-1401 petition, but the court does have discretion to do so. *People v. Stoecker*, 2020 IL 124807, ¶ 36, 181 N.E.3d 201. Here, the judge who addressed the motion, prior to addressing defendant's substitution motion, was under the mistaken belief he had no discretion. "Where a court erroneously believes that it has no discretion in a matter, its failure to exercise discretion can itself constitute an abuse of discretion." *People v. Bernard*, 2021 IL App (2d) 181055, ¶ 25, 194 N.E.3d 507 (citing *People v. Chapman*, 194 Ill. 2d 186, 223-24, 743 N.E.2d 48, 71 (2000)). However, in *Bernard*, the supreme court found, when considering the failure to exercise discretion, "not every error is of such magnitude that relief is warranted." *Bernard*, 2021 IL App (2d) 181055, ¶ 25 (citing *Chapman*, 194 Ill. 2d at 224-25). Failing to exercise discretion, when viewed in the context of the proceedings, may be found to be harmless error. See *Bernard*, 2021 IL App (2d) 181055, ¶ 25.

¶ 33    Even if we assume the trial court erred, we must consider whether defendant was prejudiced by the court not addressing his motion. Where defendant's section 2-1401 petition is demonstrably without merit, the court's failure to consider appointing counsel is harmless error. See *People v. Aguirre*, 2022 IL App (2d) 200561-U, ¶ 21. Here, the claims raised in defendant's section 2-1401 petition either fail to allege facts excusing his untimely filing or are directly

rebutted by the record. The underlying argument regarding the invalid, unsigned GPS warrant as the basis for his arrest is directly refuted by the record and irrelevant, regardless of the timeliness of his petition. The record clearly shows the evidence of a signed warrant executed on January 22, 2016, prior to defendant's arrest. Regardless, defendant's petition presented no facts that could remedy the jurisdictional bar of his untimely filing. Within the context of these proceedings, the failure to appoint counsel to further defendant's baseless claims cannot be found to have caused prejudice.

¶ 34    Accordingly, no argument can be made on appeal that any of the claims in defendant's petitions were meritorious.

¶ 35    III. CONCLUSION

¶ 36    For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 37    Affirmed.