NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 231360-U

NO. 4-23-1360

IN THE APPELLATE COURT

FILED
January 27, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| NOSHMA D. PHELPS, | ) | No. 16CF37 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the circuit court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Noshma D. Phelps, appeals from the circuit court's dismissal of his motion for leave to file a successive postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised. Defendant has filed a response to OSAD's motion. We grant OSAD's motion and affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    The appellate court has set forth the underlying facts of this case in defendant's prior appeals. See *People v. Phelps*, 2019 IL App (4th) 160560-U; *People v. Phelps*, 4-22-0221 (2023) (unpublished summary order under Illinois Supreme Court Rule 23); *People v. Phelps*,

2024 IL App (4th) 230701-U. Accordingly, we recite only those facts necessary to resolve the issues presented in this appeal.

¶ 5    Following a bench trial in May 2016, defendant was convicted of, in relevant part, unlawful possession of heroin with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2016)) and unlawful possession of cocaine with intent to deliver (720 ILCS 570/401(c)(2) (West 2016)). The convictions stemmed from a February 2016 traffic stop where defendant was pulled over and arrested for driving on a suspended license.

¶ 6    The evidence adduced at a suppression hearing and the bench trial established that law enforcement officers obtained a GPS search warrant pursuant to a narcotics distribution investigation involving defendant. The GPS device was affixed to defendant's vehicle, and he was subsequently pulled over for driving on a suspended license. Following defendant's arrest, authorities conducted a strip search, and narcotics were found. The circuit court denied defendant's motion to suppress evidence, and following a bench trial, defendant was found guilty of the charged offenses.

¶ 7    In 2016, after merging several counts, the circuit court sentenced defendant to consecutive prison terms of 20 years for unlawful possession of heroin with intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2016)) and 15 years for unlawful possession of cocaine with intent to deliver (720 ILCS 570/401(c)(2) (West 2016)). In pronouncing its sentence, the court found no mitigating factors were applicable in defendant's case. In aggravation, the court noted the nature of defendant's drug dealing, "especially of heroin," threatened "serious harm to those who would consume those substances," as well as defendant's prior criminal history of possession with intent to deliver cocaine.

¶ 8    On direct appeal, defendant argued (1) he received ineffective assistance of

counsel, (2) the circuit court erred in ordering him to serve consecutive sentences without considering the nature and circumstances of his offenses, and (3) the court erred in relying on an aggravating factor inherent in the offense of possession of heroin with intent to deliver. The appellate court affirmed. See *Phelps*, 2019 IL App (4th) 160560-U.

¶ 9        In 2019, defendant filed a *pro se* postconviction petition, alleging ineffective assistance of trial and appellate counsel. The circuit court denied defendant's postconviction petition after a third-stage evidentiary hearing. Defendant appealed, and the appellate court affirmed the circuit court's judgment. See *Phelps*, 4-22-0221.

¶ 10        In October 2022, defendant filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2022)). Defendant alleged the warrant leading to his arrest was invalid and therefore the circuit court lacked subject matter jurisdiction over the case. The circuit court denied defendant's petition. On appeal, OSAD filed a motion to withdraw, which the appellate court granted. See *Phelps*, 2024 IL App (4th) 230701-U.

¶ 11        In October 2023, defendant filed a motion for leave to file a successive postconviction petition. Defendant alleged several claims, including: (1) the circuit court improperly considered aggravating factors in sentencing defendant, (2) the court erred in imposing an extended term sentence, (3) the court erred in imposing consecutive sentences, and (4) the court failed to articulate the aggravating and mitigating factors during defendant's sentencing. Defendant further asserted his convictions violated the one-act, one-crime rule. The court denied defendant's motion for leave to file a successive postconviction petition, finding defendant's claims were either barred by *res judicata* or forfeited.

¶ 12        This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14          OSAD argues the appeal of this case presents no potentially meritorious issues for review. Specifically, OSAD identified the following potential issues for review: whether defendant should have been granted leave to file a successive postconviction petition based on his claims (1) the circuit court erred in sentencing defendant and (2) defendant's convictions violate the one-act, one-crime rule.

¶ 15          The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-9 (West 2022)) provides a means to collaterally attack a criminal conviction based on a substantial denial of a defendant's state or federal constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). Issues adjudicated on direct appeal or a previous collateral proceeding are barred by *res judicata*, and issues that could have been raised but were not are forfeited. *People v. Tate*, 2012 IL 112214, ¶ 8. The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). A defendant must obtain leave from the circuit court to file a successive petition under the Act. 725 ILCS 5/122-1(f) (West 2022).

¶ 16          To obtain leave, a defendant must do one of the following: (1) show cause and prejudice for the failure to raise a claim in his earlier petition or (2) show a " 'fundamental miscarriage of justice' ***, [which] requires a [defendant] to make a persuasive showing of 'actual innocence.' " *People v. Prante*, 2023 IL 127241, ¶ 59 (quoting *People v. Taliani*, 2021 IL 125891, ¶ 55). Defendant's motion does not make a claim of actual innocence.

¶ 17          Showing cause requires identifying an objective factor that impeded the defendant's ability to raise the claim in the initial postconviction petition. *People v. Moore*, 2023

IL App (4th) 210245, ¶ 45. Showing prejudice requires a defendant to articulate how a "claim not raised during the initial proceeding so infected the trial that the resulting conviction or sentence violated due process." *Moore*, 2023 IL App (4th) 210245, ¶ 45. "For a defendant to obtain leave to file a successive postconviction petition, *both* prongs of the cause-and-prejudice test must be satisfied." (Emphasis added.) *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 19. We review *de novo* the denial of a motion for leave to file a successive postconviction petition. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 38.

¶ 18                                    A. Sentencing

¶ 19          OSAD first contends no meritorious argument can be made the circuit court erred in sentencing defendant. We agree.

¶ 20                                    1. *Improper Factors*

¶ 21          OSAD initially argues defendant's claim the circuit court improperly considered factors in aggravation during his sentencing hearing is barred by *res judicata*. We agree.

¶ 22          Proceedings under the Act are collateral in nature and are subject to principles of *res judicata*, meaning that issues already raised and decided on direct appeal or in a prior proceeding are barred. *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). The Act

>           "was not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full review of the issues raised ***. This is so, even though the present petition attempts to change the character of the questions previously advanced and decided, by describing them in different constitutional terms." (Internal quotation marks omitted.) *Barrow*, 195 Ill. 2d at 529.

A defendant cannot avoid *res judicata* by adding additional allegations encompassed by a

previously adjudicated issue. *People v. Palmer*, 352 Ill. App. 3d 877, 884 (2004).

¶ 23        Here, defendant's claim the circuit court improperly considered aggravating factors during his sentencing hearing was previously raised on appeal. See *Phelps*, 2019 IL App (4th) 160560-U, ¶¶ 81-82 (concluding defendant failed to properly preserve the issue on appeal and, even if considered under the plain error doctrine, there was no error). Accordingly, we agree with OSAD no meritorious argument can be made the court improperly considered aggravating factors in sentencing defendant.

¶ 24                            2. *Consecutive Sentences*

¶ 25        Similarly, OSAD asserts defendant's claim the circuit court erred by sentencing him to consecutive sentences is barred by *res judicata*. We agree. This court previously concluded defendant forfeited this argument by failing to properly preserve the issue in the circuit court. *Phelps*, 2019 IL App (4th) 160560-U, ¶ 77 ("[N]o error, let alone plain error, took place in the court's decision to impose consecutive sentences."). Therefore, we agree with OSAD no meritorious argument can be made the court erred by ordering defendant to serve his sentences consecutively.

¶ 26                            3. *Extended Term Sentencing*

¶ 27        OSAD further contends defendant's claim the circuit court erred in imposing an extended term sentence is without merit. We agree. Initially, we note defendant was sentenced in this matter in 2016. Further, defendant failed to raise this claim in his initial postconviction petition in 2019 (rather, defendant chose to address the nature of his consecutive sentences). In his motion for leave to file a successive postconviction petition, defendant did not identify " 'an objective factor that impeded his *** ability to raise a specific claim during his *** initial post-conviction proceedings.' " *People v. Wilson*, 2014 IL App (1st) 113570, ¶ 33 (quoting 725 ILCS

5/122-1(f) (West 2010)). Accordingly, defendant cannot establish cause for failing to assert this argument in his initial postconviction petition.

¶ 28                    4. *Mitigating and Aggravating Factors*

¶ 29        OSAD next contends defendant's claim the circuit court failed to articulate the mitigating and aggravating factors it considered in sentencing is without merit. We agree. It is well established a court is not required to articulate each factor it relies on when imposing its sentence. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. Furthermore, defendant's contention is specifically belied by the record. The court expressly noted it did not find any factors in mitigation. In aggravation, the court found, defendant "being a drug dealer" threatened "serious harm to those who would consume the substances." The court further noted defendant's extensive criminal history as a factor in aggravation. Accordingly, we agree with OSAD no meritorious argument can be made the court failed to articulate the mitigating and aggravating factors it considered in sentencing defendant.

¶ 30                    B. One-Act, One-Crime Rule

¶ 31        OSAD further contends defendant's claim his convictions for unlawful possession of heroin with intent to deliver and unlawful possession of cocaine with intent to deliver violate the one-act, one-crime rule because the convictions are based on "the same physical act of drugs possession" is without merit. We agree.

¶ 32        Under the one-act, one-crime rule, "a criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *People v. Coats*, 2018 IL 121926, ¶ 11. "[A]n 'act' [is] any overt or outward manifestation that will support a separate offense." *People v. Crespo*, 203 Ill. 2d 335, 341 (2001). The one-act, one-crime rule operates to preclude "multiple convictions for acts against a single victim."

- 7 -

(Internal quotation marks omitted.) *People v. Avelar*, 2017 IL App (4th) 150442, ¶ 25. "In Illinois it is well settled that separate victims require separate convictions and sentences." *People v. Shum*, 117 Ill. 2d 317, 363 (1987). "Multiple convictions are proper when there are multiple victims." (Internal quotation marks omitted.) *Avelar*, 2017 IL App (4th) 150442, ¶ 25.

¶ 33        OSAD notes defendant relies on *People v. Manning*, 71 Ill. 2d 132, 137 (1978), in support of his contention the singular act of physical possession of multiple controlled substances violates the one-act, one-crime rule. In *Manning*, the supreme court held, in the absence of a statutory provision to the contrary, the simultaneous possession of more than one type of controlled substance constituted a single offense, and thus only one sentence should have been imposed. *Manning*, 71 Ill. 2d at 137. However, OSAD correctly observes *Manning* has been superseded by an amendment to the Illinois Controlled Substances Act (720 ILCS 570/402 (West 2022)), which provides, "A violation of this [Illinois Controlled Substances Act] with respect to each of the controlled substances listed herein constitutes a single and separate violation of this [Illinois Controlled Substances Act]." This amendment authorizes multiple convictions based on the singular act of possessing different controlled substances. Indeed, heroin and cocaine are substances expressly identified in the Illinois Controlled Substances Act. Accordingly, we agree with OSAD no meritorious argument can be made defendant's convictions for unlawful possession of heroin with intent to deliver and unlawful possession of cocaine with intent to deliver violate the one-act, one-crime rule.

¶ 34                                    III. CONCLUSION

¶ 35        For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the circuit court's judgment.

¶ 36        Affirmed.